COLLIER and Others *v.* THE STATE, on the relation of LEWIS.

Action against a sheriff and his sureties, on his official bond. Breach, failure to deliver an execution to his successor, or to return it, &c. The action accrued under the statute of 1849, but was brought under that of 1852. *Held*, that the amount of the recovery was governed by the statute of 1852; and that the defendants might give evidence of the insolvency of the execution-defendant, for the purpose of showing the amount that the sheriff might probably have collected.

APPEAL from the *Putnam* Circuit Court.

HANNA, J.—This action was commenced on the 7th of *June*, 1853, against *Collier* and his securities, on his official bond as sheriff of *Putnam* county.

The breach assigned is, that *Lewis*, the relator, having recovered a judgment against one *Dicken*, sued out an execution thereon, dated *December* 12, 1851, and delivered it to *Collier*, who continued to be such sheriff until *October*, 1852; that he failed to deliver the execution to his successor in office, or to return it to the clerk's office from whence it issued, at the expiration of one year from its date.

A demurrer to the complaint was overruled, and that ruling is assigned for error; but as no exception was taken to the ruling of the Court on the demurrer, there is nothing before us on that point. The same point was raised by the defendants in another form. It arose upon the offer to prove that the execution-defendant was notoriously insolvent; and upon the proof that search for property had been made, and none found.

This suit was not brought until after the statute of 1852 was in force, which differs from that of 1849, under which the liability to the suit was incurred. That of 1852 is as follows: "If any sheriff shall neglect or refuse to return any execution, as required by law, or shall make a false return thereon, he shall be amerced in such amount as he might and should have levied by virtue of the execution." This act, we think, controls the manner of the prosecution, and the amount to be recovered. Such portions of the law of 1849 as were inconsistent with that of 1852 are repealed by § 802 of the latter act. 2 R. S. p. 224. Section 803 is as follows: "All rights of action secured by existing laws, may be prosecuted in the manner provided in this act."

We think that although the plaintiff's right of action accrued under the act of 1849, the amount of his recovery is governed by that of 1852; and the defendants should have been permitted to give evidence of the insolvency of the execution-defendant, for the purpose of showing the amount that the sheriff might probably have collected on the execution.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. A. Matson*, for the appellants.

*C. C. Nave*, for the state.