No. 9808.

PATE, EXECUTOR, ET AL. *v.* MOORE, ADM'R.

DECEDENTS' ESTATES.—*Final Settlement.*—*Res Adjudicata.*—After an estate has been adjudged finally settled, and the administrator therefore discharged, letters of administration *de bonis non* can not issue upon the same estate, while such final settlement remains unrevoked and in force, the matter being *res adjudicata.*

SAME.—*Appeal Bond.*—*Supreme Court.*—Section 2454, R. S. 1881, requiring an appeal bond, does not apply where an executor of another estate, as such, is the appellant, section 646 making a bond by him unnecessary.

From the Ohio Circuit Court.

*A. C. Downey, G. E. Downey* and *S. R. Downey,* for appellants.

*J. B. Coles,* for appellee.

NIBLACK, J.—On the 24th day of September, 1881, George I. Moore made an application in writing, verified by his affidavit, to the clerk of the Ohio Circuit Court for appointment as administrator *de bonis non* of the estate of Joseph M. Vance, deceased, late of Ohio county, representing that the said Vance had died intestate in that county in 1863, leaving a personal

estate of the probable value of $1,300; that one Hazelett E. Dodd was soon afterward appointed administrator of his estate; that at the June term, 1873, of the Ohio Circuit Court, the said Dodd was discharged from his trust as such administrator, leaving claims due the decedent, of the probable value of $2,000, uncollected.

The clerk thereupon issued letters of administration *de bonis non* on the estate of Vance to the said Moore, who immediately gave bond and qualified as such administrator.

At the next term of the Ohio Circuit Court, which was the October term, 1881, the clerk reported his proceedings in the premises to that court.

When the clerk's report was presented, Peter S. Pate appeared and objected to the ratification and adoption of the letters of administration so issued to Moore, and, in support of his objection to the proceedings of the clerk, filed his affidavit alleging that he was the executor of the last will of William T. Pate, deceased; that while Dodd acted as the administrator of Vance's estate, that is to say, on the 25th day of June, 1873, he made final settlement of said estate, and his discharge from his trust as such administrator was only because he had made such final settlement; that the object of Moore in obtaining letters of administration *de bonis non,* on the estate of Vance, was to enable him to prosecute a pretended claim, in favor of that estate against the estate of William T. Pate in the hands of the affiant as executor as above stated, and to derive thereby certain advantages in the prosecution of such claim, which would not result to the heirs of Vance if such claim were prosecuted in their name.

Henry S. Pate united with Peter S. Pate in opposing the confirmation of the letters of administration to Moore, and filed an affidavit alleging that he was the owner of valuable real estate in said county of Ohio, of which Vance died seized; that said real estate had first been sold and conveyed by the guardian of the heirs of Vance, they being minors, to one John F. Pate, and by him afterward sold and conveyed to the

affiant; that a reopening of the business and settlement of the estate of the said Vance would be unjust to him, the said Henry S. Pate, as it might render his said real estate liable to be sold to pay debts and charges against said estate.

The court overruled the objections thus urged, and confirmed the letters of administration issued as above to Moore. From that order of confirmation the said Peter S. Pate and Henry S. Pate have appealed to this court.

On behalf of the appellants, it is contended, that under the laws of this State, letters of administration *de bonis non* can not be issued on an estate after it has been fully administered upon, and adjudged to be finally settled by the proper court.

Section 18 of the act of 1881 concerning the settlement of decedents' estates, Acts 1881, p. 427 (R. S. 1881, sec. 2240), which was in force when the letters of administration were granted to the appellee in this case, provides that " if any executor, administrator with the will annexed, or administrator, shall die, resign, remove from the State, or his authority be revoked or superseded, the remaining executor or administrator shall complete the administration of the estate ; but, if no such executor or administrator be remaining in the State, the proper clerk or court shall grant letters of administration, or of administration with the will annexed, to any person entitled thereto, under the same regulations as in case of issuing the original letters; and which administrator, or administrator with the will annexed, thus appointed *de bonis non*, shall have the same rights and be subject to the same liabilities as the executor or administrator first appointed."

This section embraces the only statutory provision for the appointment of an administrator *de bonis non* upon an estate, known to us, and evidently authorizes the appointment of such an administrator only in cases in which a vacancy occurs in the administration before the settlement of the estate is completed. By its terms, as well as by necessary implication, it has no reference to estates which have been already finally settled.

By section 116 of the act concerning decedents' estates,

which was in force when the estate of Vance is alleged to have been finally settled, such final settlement was made conclusive on all parties interested in the estate, unless reopened within three years for mistake or fraud. 2 R. S. 1876, p. 537. The act of 1881 contains a similar provision. R. S. 1881, secs. 2402 and 2403.

It necessarily follows that so long as the final settlement of an estate remains unrevoked, and in full force, letters of administration *de bonis non* can not be issued on such estate, nor can any further administration upon such estate be permitted by any executor or administrator, however appointed.

In such a case all matters pertaining to the ordinary settlement of the estate are *res adjudicata,* and hence have relation only to a trust which has been fully discharged. *Parsons* v. *Milford,* 67 Ind. 489.

But it is argued on behalf of the appellee that the estate of Vance was not in fact finally settled.

The record of the alleged final settlement was not introduced in evidence in the court below and is consequently not before us.

The affidavit of Peter S. Pate averred that Dodd made final settlement of the estate and was discharged because of such final settlement. In this he was corroborated by the affidavit of Henry S. Pate.

We, therefore, assume for the purposes of this case, that the estate of Vance was, by the proper court, declared finally settled in June, 1873.

Neither one of the appellants executed an appeal bond as required by section 228 of the act of 1881, *supra,* and the appellee has for this reason moved to dismiss this appeal.

As Peter S. Pate appeared in this proceeding only in his fiduciary capacity, as executor of William T. Pate, he had the right, under section 646 of the code of 1881, to appeal without executing an appeal bond. As the interest in the subject-matter of the proceedings represented by him was separate

and distinct, he might also have appealed under that section, without joining Henry S. Pate.

The judgment will, at all events, have to be reversed upon the appeal of Peter S. Pate in his fiduciary character, and under such circumstances we need not either enquire or decide whether Henry S. Pate was entitled to unite in the appeal without an appeal bond.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.