Barnett, Administratrix de bonis non, *v.* Vanmeter *et al.*

No. 679.

BARNETT, ADMINISTRATRIX DE BONIS NON, *v.* VANMETER ET AL.

DECEDENTS' ESTATES.—*Statute Construed.*—*Administrator de bonis non after Final Settlement.*—*Remedial Statute.*—*Retroactive Statute.*—The act of March 5, 1891, giving to persons interested in a decedent's estate the right to have an administrator *de bonis non* appointed, after a final settlement of the estate has been made, to administer on assets of the estate not included in the former administration, is remedial, and the remedy given is cumulative, being additional to the remedy given by section 2403, R. S. 1881; and, as the act simply gives a remedy for an existing right, it is retroactive as well as prospective in its operation.

SAME.—*Administrator de bonis non after Final Settlement.*—*Method of Procedure.*—*Defenses.*—*Plea in Abatement.*—*Plea in Bar.*—Where an administrator *de bonis non* is appointed after final settlement of an estate, he proceeds in all respects as other administrators, and if, among the assets not administered, there is a chose in action due the estate, such administrator may institute suit and recover whatever may be due, and the debtor is entitled to the benefit of all defenses that would be available to him in any other action for the same demand; and the validity of the appointment of such administrator can only be questioned by a direct attack, and the right of such administrator to maintain the action can only be tested by plea in abatement.

SAME.—*Final Settlement.*—*What an Adjudication of.*—The final settlement of an estate by an administrator, upon such notice as the statute prescribes, is an adjudication of all matters properly involved in such settlement; but matters which have not been wholly or in part subject to the process of administration can not be said to have been adjudicated.

SAME.—*Administrator de bonis non after Final Settlement.*—*Appointment of.*—*How Attacked.*—*Burden of Proof.*—*Presumption.*—In the appointment of an administrator *de bonis non* after final settlement of an estate, it is the duty of the court to determine whether there are assets unadministered; and after the appointment is made, it can not be attacked in a collateral proceeding; and, if attacked in a direct proceeding, the burden of showing the invalidity will be upon the attacking party, and every presumption will be in favor of the validity of the appointment.

SAME.—*Administrator.*—*Complaint.*—*Profert of Letters.*—*Plea in Abate-*

Barnett, Administratrix de bonis non, *v.* Vanmeter *et al.*

*ment.*—Where suit is instituted by such administrator *de bonis non*, he need only aver that he is the administrator, and need not make profert of his letters; nor can his right to sue be questioned, unless the defendant files a plea in abatement denying such right.

STATUTORY CONSTRUCTION.—*When Retroactive.*—*Remedial Statute.*— *Vested Right.*—Ordinarily, statutes can not be made to operate retroactively, unless a contrary intention clearly and strongly appears, if by making them so to act vested rights would be affected; but this rule can not be invoked in cases where no new right is given or taken away, but only a new remedy is afforded for the enforcement of a right already existing.

Dissenting opinion by LOTZ, J.

From the Washington Circuit Court.

*J. A. Zaring* and *M. B. Hottel*, for appellant.
*D. M. Alspaugh* and *J. C. Lawler*, for appellees.

REINHARD, C. J.—Daniel Barnett, the appellant's decedent, in his lifetime, recovered a judgment in the Jackson Circuit Court, against the appellee Vanmeter. The latter appealed to the Supreme Court and executed an appeal bond, with the other appellees as his sureties. The Supreme Court affirmed the judgment. This action is by the appellant as administratrix *de bonis non* of said Daniel Barnett's estate, and seeks the recovery of the penalty on such bond, the breach thereof being duly alleged in the complaint.

The appellees answered in three paragraphs. The first of these, which was the general denial, was withdrawn. A demurrer was addressed, severally, to the second and third paragraphs, and overruled, and this ruling constitutes one of the errors assigned and relied upon for a a reversal.

The second paragraph of the answer alleges, in substance, that the appellees admit the execution of the bond mentioned in the complaint, but say that the said Daniel Barnett died in Washington county, Indiana, on the 5th day of October, 1888, intestate, and that afterwards, on

the 3d day of November, 1888, one George W. Barnett was, by the circuit court of said county, appointed administrator of said Daniel Barnett's estate, and, as such, gave bond and qualified, and said George Barnett, as such administrator, fully administered said estate, and on the 7th day of December, 1889, made and filed his final report and settlement of said estate in said court, and the same was, after due notice, heard by said court, on the 24th day of December, 1889, and was then and there approved by the court, and said estate adjudged finally settled by the court, and that said George W. Barnett was discharged from his trust as such administrator; that said judgment remains of record in said court, and is in full force and effect, and has never been appealed from. Wherefore, defendants demand judgment, etc.

The appellant insists that this paragraph of the answer is insufficient, and that the demurrer to it should have been sustained.

Prior to the 5th day of March, 1891, there was no law in force in this State under which an administrator *de bonis non* could be appointed for any decedent's estate after the final settlement of such estate, unless such settlement was vacated or set aside. *Pate, Exec., v. Moore, Admr.*, 79 Ind. 20; *Croxton v. Renner*, 103 Ind. 223.

Were it not for the act of the General Assembly of the above date, we question very much the validity of the appellant's appointment and her right to maintain any action as administratrix *de bonis non*; but whether in that case the mode of challenging the appointment here adopted would be the proper one, is quite another question, for it is settled law that the validity of the appointment of an administrator can only be questioned by a direct attack. *Ferguson v. State, ex rel.*, 90 Ind. 38; *Jenkins, Admr., v. Peckinpaugh*, 40 Ind. 133.

The act referred to provides that "whenever hereafter it shall be shown to the satisfaction of any court of probate jurisdiction of this State that the administrator or executor of the estate of any decedent has been finally discharged and that there is no administration of said estate pending in any court of this State, and that there are assets belonging to the estate of said decedent within the jurisdiction of said State that have not been and should be administered, then upon application of any creditor or legatee whose debt or legacy, in whole or in part, remains unpaid, or of any person entitled to share in the distribution of said estate, such court may appoint an administrator *de bonis non* of said estate, who shall be required to file bonds, inventories and reports, and have the same powers now given to administrators and executors by law and be governed in all things by the laws now in force or that may hereafter be enacted for the settlement of decedents' estates." Acts 1891, pp. 107, 108.

By the passage of this act, it was doubtless intended to reach any assets, for the benefit of creditors, legatees, or heirs which had not been administered upon in the former administration.

Under the former law, after final settlement, a period of three years was allowed any person interested in the estate to have such final settlement set aside in the proper court, upon a proper showing of illegality, fraud or mistake in such settlement, or in the prior proceedings in said estate. R. S. 1881, section 2403.

Failing in this, the person was without remedy, unless he was an heir or legatee and the claim came to him through the estate. Under the present law, a creditor, heir, or legatee, upon proper showing, even after the lapse of three years, and without any attempt first to open the final settlement, may have the court appoint

an administrator *de bonis non*, for the purpose of collecting such unadministered assets and applying the same to the payment of debts or legacies, or for distribution to those entitled to receive the same.

When the court determines from the facts shown that there are assets available which have not been before reached, it will make the appointment of the administrator *de bonis non*, and such administrator then proceeds in all respects as other administrators or executors in the settlement of the estate.

If, among the assets not administered, there should be a chose in action, such as the one in suit here, which is due from any debtor to the estate, the administrator *de bonis non* may institute suit and recover whatever may be owing from such debtor, and the latter is entitled to the benefit of all defenses that would be available to him in any other action for the same demand.

The appellee's contention is that the paragraph under discussion is a plea of former adjudication.

As such, is it sufficient?

It is doubtless true that the final settlement of an estate by an administrator upon such notice as the statute prescribes is an adjudication of all matters properly involved in such settlement. *Carver* v. *Lewis, Admr.,* 104 Ind. 438.

If it can be said that this rule inures to the benefit of a debtor of a decedent, it must be because the claim against such debtor had been duly inventoried and administered by the executor or administrator, and in some manner passed upon by the court in the settlement of the estate. Whether it may be said that a claim has been administered upon in any case, when it still remains due and unpaid, we need not decide. We think it must be admitted, however, that unless such claim has been

at least in part subjected to the process of administration, it can not be claimed that it has been adjudicated. If the claim was not inventoried, reported, or in some way involved in the administration, certainly no one could justly contend that there had been an adjudication which bars the estate or personal representative of the decedent. If such a pleading as the one here presented could be upheld, even without the act of 1891, would it not devolve upon the defendant in such a suit to allege in his plea that the particular claim in suit had been fully administered upon? But as to this we need not decide; for we are of the opinion that the pleading which is here relied upon as an answer of former adjudication is nothing more nor less than an indirect or collateral effort to question the appellant's right to maintain the action. If it is true that the estate had been finally settled, and if there was no law by which an estate could be opened up and an administrator *de bonis non* appointed, this would be a very good reason for revoking the appointment in a direct proceeding for that purpose; and, if the letters had not been properly issued, it might also furnish a ground for a plea in abatement.

There is no averment showing that the appellant or those she represents have ever had their day in court as to this claim against the appellees. The latter have in no sense ever been sued upon the claim, and we do not see how it can be said to have been adjudicated.

Moreover, we think that even if the attack upon the validity of the appellant's appointment and her right to maintain the action could be made in the manner here attempted, the act of 1891 has changed the rule as to appointments of administrators *de bonis non*, and that notwithstanding a former final settlement the claim would not be barred from future administration. If, under former laws, the estate would be debarred from

ever suing upon such an unadministered claim, the act of 1891 was obviously intended to effect a change, and permit the estate to reap the benefit of such assets, notwithstanding the former settlement.    It enables the parties interested to have the estate opened up, as to such omitted assets, and, if these consist of claims due the estate, to prosecute the same, and this, too, without setting aside the former settlement.    It, in effect, provides that as to any assets not formerly administered the settlement shall not be final.    Whether there are such assets unadministered or not, it devolves upon the court to determine when the administrator *de bonis non* is appointed.    When the appointment has been made, the administrator, as we have seen, occupies the same position that a general administrator does.    After the appointment, the same can not be attacked in a collateral proceeding, and every presumption will be in favor of its validity.    If attacked in a direct proceeding for that purpose, the burden of showing the invalidity thereof will be upon the attacking party.    *Bowen* v. *Stewart, Admr.*, 128 Ind. 507.

In case of suit by him, he need only aver that he is the administrator, and need not make profert of his letters, nor can his right to sue be questioned unless the defendant files a plea under oath denying such right, and such a pleading is in abatement and not in bar.    R. S. 1881, section 2292; *Nolte* v. *Libbert, Admr.*, 34 Ind. 163.

The paragraph we are now considering was not verified, and does not seem to have been drafted upon the theory of a plea in abatement.    In fact, it is the contention of appellee's counsel that it is a plea in bar and was not intended as an answer in abatement.    As an answer in bar, for the reasons heretofore stated, we do not regard it as sufficient.

But we are met by the further contention that the act

of 1891 can not be made to apply to the case in hand, for the reason that that act was not passed until after the final settlement of the estate of appellant's decedent, the final report having been approved by the court December 24, 1889, while the act of 1891 did not become a law till March 5, 1891.

It is argued that this statute can not be given a retroactive effect, but is purely prospective in its operation, and that it can not, therefore, be made to apply to any estates that were finally settled before the act became a law. While we do not think the plea would be good without the act of 1891, we are also of the opinion that the appellee's contention with reference to that act is untenable. We think the act applies to estates of the character of the one under consideration.

Ordinarily, statutes can not be made to operate retroactively, unless a contrary intention clearly and strongly appears, if by making them so operate vested rights would be affected. *Niklaus* v. *Conkling*, 118 Ind. 289; *Goodbub* v. *Hornung*, 127 Ind. 181.

But this rule can not be invoked in cases where no new right is given or taken away, but only a new remedy is afforded for the enforcement of a right already existing. 'The main question in such cases is the purpose of the law, and, if necessary to carry out such purpose, the courts will construe it to apply to past as well as future transactions, unless by doing so vested rights would be impaired. *Connecticut Mut. Life Ins. Co.* v. *Talbot*, 113 Ind. 373.

In the case just cited it was said by Mitchell, C. J.: "Statutes are to be construed and applied prospectively,. unless a contrary intent is manifested in clear and unambiguous terms. This is undoubtedly the general rule, and it is sometimes held that, to work an exception, the intent favoring retrospective application must

affirmatively appear in the words of the statute. The better rule of construction, and the rule peculiarly applicable to remedial statutes, however, is, that a statute must be so construed as to make it effect the evident purpose for which it was enacted, and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty.''

In the case at bar, it is not pretended that the appellees would, by the operation of the act of 1891, be divested of any right possessed by them. It is not claimed that the debt which it is alleged they owe the estate has ever been paid or in any manner satisfied by them or any one for them. The former settlement of the estate did not extinguish their liability; for, after the death of Daniel Barnett, the assets of the estate became the property of his heirs, subject only to the rights of administration. *Citizens' Street R. W. Co.* v. *Robbins, Admr.*, 128 Ind. 449.

This action was commenced on the 24th day of August, 1891,—at a time, therefore, when those entitled to the assets of the estate could still have had the final settlement opened and the claim collected either by the original administrator or by an administrator *de bonis non*, independently of the act of 1891. R. S. 1881, section 2403.

The remedy afforded by the law of 1891 was, therefore, purely cumulative. To give such a remedy is clearly within the powers of the Legislature. Where there is an existing right, and the statute gives only a new remedy, the new and former remedies are cumulative, and either remedy may be resorted to. *Toney* v. *Johnson*, 26 Ind. 382; 7 Lawson's Rights and Remedies, section 3777.

Barnett, Administratrix de bonis non, *v.* Vanmeter *et al.*

Our conclusion is that the court erred in overruling the demurrer to the second paragraph of the answer.

The third paragraph of the answer sets up substantially the same facts as the second, with the additional averment that the appellant was never appointed as administrator "*by the court.*" As we have seen, the administrator's right to maintain the action as such could only be called in question by plea in abatement, under oath, which must precede the answer in bar. The averments as to the invalidity of the appointment do not aid the pleading. As a plea in bar, we think the third paragraph is equally as bad as the second.

Other questions presented may not arise again and need not now be considered.

Judgment reversed, with instruction to sustain the demurrer to the second and third paragraphs of the answer, and for further proceedings not inconsistent with this opinion.

Filed Mar. 17, 1893; petition for a rehearing overruled June 10, 1893.

## DISSENTING OPINION.

LOTZ, J.—The main point in this case is to determine the effect of the final settlement of the estate of Daniel Barnett, as alleged in the second and third paragraphs of the answer.

Was this final settlement such an adjudication as fixed and determined the interest of all persons in the property of the deceased?

It may be stated, as a general proposition, that the approval of the final settlement of an estate after due notice given is an adjudication of all matters necessarily involved in the administration proceeding. *Carver* v. *Lewis, Admr.,* 104 Ind. 438; *Pate, Exec.,* v. *Moore, Admr.,* 79 Ind. 20; *Peacocke* v. *Leffler,* 74 Ind. 327;

*Sanders, Admx.*, v. *Loy*, 61 Ind. 298; *Castetter* v. *State, ex rel.*, 112 Ind. 445.

The heir, the legatee, the creditor and all other persons having an interest in the estate are brought into court by the notice of final settlement, and the judgment of the court operates upon their rights in the property, and they may always interpose the judgment to protect their rights acquired under it, while it remains in force. But in the case at bar it is not an heir, a legatee, or a creditor that claims the protection of the judgment; it is a debtor of the estate, a person who owes it, that seeks to shield himself behind the final settlement.

Is the debtor a party to the proceedings? Is he brought into court by the notice? and, if so, in what manner does the final judgment affect a chose in action that he has never paid to the estate? Unless he be brought into court, and unless the judgment of the court acts upon the chose in action that he owes the estate, it can not be said to be an adjudication in his favor. At first impression it does not appear very clearly how the judgment of the court, in approving the final settlement, can enure to the benefit of a debtor. The statute requires that the administrator shall give notice of the settlement "to all persons interested in said estate." And "if the account is filed for final settlement, the notice shall also require the heirs of the decedent, and all others interested, to appear and make proof of their heirship or claim to any part of said estate." Elliott's Supp., section 403.

The Supreme Court, in construing the language above quoted from the statute, held that a notice which ran "to the heirs, creditors, and legatees," instead of all persons interested in said estate, afforded no ground for setting it aside, and that, as applied to the subject matter, the one is substantially the equivalent of the other *Roberts* v. *Spencer, Exec.*, 112 Ind. 81.

This construction would seem to exclude the idea that a debtor of the estate was intended to be brought into court by the notice. To determine whether or not a debtor of an estate is in court in an administration proceeding, we must inquire into the nature and purpose of administration upon the property of deceased persons. When a person dies intestate, owning property, the real estate descends to the heirs and the personalty goes to his representatives. The personal property is set apart by the law, to be devoted to certain purposes. The management and disposition of such property is administration, and the person who performs such acts is called the administrator. The main objects of administration, as provided by our statutes, are to collect, preserve and properly account for the property, and from it supply the immediate wants of the widow and young children, if any there be; the payment of all just debts of the deceased, and the distribution of the residue or surplus among the heirs as the law directs. A man in life acquires property, contracts debts and has obligations accruing to him. Immediately upon his death all is changed. His ownership in property has ceased. He no longer owes a debt, and no obligation is due him. The law instantly affects the property and fixes the rights of heirs, creditors and debtors in it. What was before a personal obligation becomes a property obligation. The deceased no longer owes. The property owes and the debt has all the force and effect of a lien on the property. The law makes the property a trust fund for specific purposes. The debtor of the deceased no longer owes a person, but he owes the estate or fund. His debt or chose in action is a part of the estate, or property belonging to the estate, and which will be affected by the administration process. The obligation of the debtor does not cease to be personal; he is charged by the law with making the

payment to the administrator or representative. The debt being a part of the property of the estate, and being affected by the process, the debtor is also affected to the extent of being compelled to take notice of the altered conditions and rights in the estate of the deceased. The settlement of an estate of a deceased person possesses some of the elements of a proceeding *in rem.* The *res* is the estate; the seizure is obviated by the fact that the property is *in custodia legis.* When the process shall cease to act, the status of all the property will be fixed by the order and judgment of the court. Waples Proceedings in Rem, section 564; *Grignon, etc., Lessee,* v. *Astor,* 2 How. (U. S.) 318.

A review of the requirements of our statutes in administration proceedings may assist in determining how the property of the estate is affected. When an administrator is appointed, he must give notice of that fact. Section 2259, R. S. 1881.

He must "make a true and complete inventory of the personal estate of the deceased which shall have come to his knowledge, including all debts, demands, stocks, moneys, and goods, due to and owned by the decedent at his death," and cause the same to be appraised. Sections 2260 and 2273, R. S. 1881.

Such inventory and appraisement shall be returned to the clerk of the court, and, when corrected and approved, shall be filed and recorded. Section 2270, R. S. 1881, and section 383, Elliott's Supp.

The administrator is required to proceed with diligence to collect the debts and demands due the estate. Section 2299, R. S. 1881.

And is given full power to bring suit for that purpose. Section 2291, R. S. 1881; *Horton* v. *Hastings,* 128 Ind. 103.

He may compound doubtful debts. Section 2301.

And may file such claims for the benefit of heirs, legatees and creditors.    Section 2302, R. S. 1881.

He must keep an accurate account of all his doings with the property of the deceased, and file and exhibit his account in court.    Section 399, Elliott's Supp.

If he desires that his account, when approved by the court, shall become an adjudication, he must give notice to all persons interested in said estate to appear in court on a day fixed and show cause why such account shall not be approved.    Section 403, Elliott's Supp.

"After the debts and legacies of an estate and the expenses of administration have been paid, and all assets of the estate duly accounted for, and *all claims in favor of the estate disposed of according to law,* the executor or administrator shall, under the order of the court, pay into court the moneys, if any remaining in his hands, and be discharged from the further administration of the estate, and the estate shall be, by the court, declared finally settled."    Section 2402, R. S. 1881.

The whole proceedings contemplate that all of the property of the deceased, including debts due him in his lifetime, shall be collected and devoted to such purposes as the law directs, and that when the estate shall be finally settled the property acted upon shall evolve from the proceeding with a new title and a new owner.

A judgment *in rem* "is an adjudication pronounced upon the status of some particular thing or subject-matter by a tribunal having competent authority for that purpose, such an adjudication being a most solemn declaration of a court of competent jurisdiction, that the status of the thing adjudicated upon *ipso facto* renders it such as it declares it to be, and estops and precludes all persons from denying that the status of the thing operated upon is not what the court has declared it to be, and such judgments are conclusive not only upon the parties

and privies, but upon strangers. In fact, a judgment *in rem* is conclusive against the whole world. The rule that estoppels are only binding on parties and privies does not apply to judgments *in rem* where the law acts directly on the thing itself and renders it that which the judgment declares it to be.'' Herman Estoppel and Res Judicata, section 290.

The same author says, in section 292: ''A judgment *in rem* is an adjudication pronounced upon the status of some particular subject-matter by a tribunal having competent authority for that purpose. It differs from a judgment *in personam* in this, that the latter judgment is in form as well as in substance between the parties claiming the right, that it is so *inter partes* appears by the record itself. It is binding upon the parties appearing to be such by the record, and those claiming under or by them. A judgment *in rem* is founded on a proceeding, not as against the persons, as such, but against the thing or subject matter itself, whose state or condition is to be determined. It is a proceeding to determine the state or condition of the thing itself, and the judgment is a solemn declaration upon the *status* of the thing, and it *ipso facto* renders it what it declares it to be.''

Nor is it necessary that all persons who have an interest in the *res* have actual notice of the proceeding. If the court have jurisdiction to act on the subject-matter, all persons are held to have constructive notice, and the sentence or decree of the court declaring the state or condition of the property is conclusive upon all the world. *Ib.*, section 295.

I think it clear that the administration process as provided and defined by our statute is strictly and only a process against the things or estate of a deceased person, and that when a final judgment or settlement is reached, the *status* or condition of the estate is fixed and de-

creed; that such decree presumptively includes all prop-
erty of the deceased, including choses in action belong-
ing thereto or forming a part thereof.   All the world be-
ing parties to a judgment *in rem* or a final settlement of
an estate, it necessarily follows, that in pleading such
judgment as a former adjudication the rule is not so
strict as in pleading a judgment *in personam*.   It is a
general rule of pleading that matter which should come
more properly from the other side, need not be stated.
It is enough for each party to make out his own case or
defense.   He sufficiently substantiates his answer for the
purpose of pleading if his pleading establish a *prima
facie* answer.   He is not bound to anticipate, and is,
therefore, not compelled to notice and remove every
possible exception and objection which may exist, and
with which his adversary may intend to oppose him.
Presumptions of law need not be stated.   An answer of
former adjudication must show that the matters set up
in the complaint were within the issues of the former
suit.   It is not necessary, however, to show that the
matters in controversy were actually litigated.   It is
sufficient to show that they were within the issues and
might have been litigated in the former action.   *Kramer*
v. *Matthews*, 68 Ind. 172, and cases cited; 1 Works Prac.,
section 605.

The presumption here is that the final settlement acted
upon all the property of Daniel Barnett, deceased, and it
clearly appears that the appeal bond was in existence
and was a part of the property of the estate when the
final settlement was rendered.   The answer makes a
*prima facie case*.   It is true it is but a presumption, and
if, as a matter of fact, it was not inventoried or oper-
ated upon by the administration proceedings, then such
fact, to be available, should have been supplied.   The
reply in this case did not go to that extent.   Mr.

Schouler, in his work on Exec. and Admr., section 528, says: "The final settlement of an executor or administrator with the probate court is conclusive, operating as a judgment of a court of competent authority, with jurisdiction of the subject-matter and the person, and can not be called in question, except by a direct proceeding, such as appeal or writ of error." Another author says: "It seems a self-evident proposition that the judgment or decree * * on the final settlement by an executor or administrator is conclusive only upon the matters therein embraced; that which has not been tried can not be said to be adjudicated." * * * Amer. Law Admr., section 506.

The presumption should be indulged that the account is correct, and that the executor or administrator has accounted for and administered upon all the property of the estate. *Soutter's Estate*, 105 N. Y. 514; Williams Exec. (4th Amer. ed.), 583 note 1, 183 note 1; *Beall* v. *New Mexico*, 16 Wall. 535.

Appellant relies upon the act of March 5th, 1891 (Acts 1891, p. 107), as giving her the right to be appointed administrator *de bonis non* after there had been a final settlement of the estate.

Before the taking effect of this act it was conclusively settled that after an estate had been finally settled and the administrator discharged, letters of administration *de bonis non* could not issue upon the same estate while such final settlement remains in full force. *Pate, Exec.,* v. *Moore, Admr., supra; Croxton* v. *Renner,* 103 Ind. 223.

The purpose of the act of 1891 seems to be to give the court exercising probate jurisdiction power to appoint an administrator *de bonis non* notwithstanding a final settlement, when there are assets that have not been administered, and in effect changes the rule announced in the

cases above cited. If it had been made to appear that the assets of the estate of Daniel Barnett that are sought to be recovered in this action were unknown or were omitted from the former administration, then a very different question would arise under this act; but there is nothing to show that these assets were not fully administered in the former proceedings.

As I view this case, the act of 1891 authorizing the appointment of administrators *de bonis non* after final settlement does not affect the rights of the parties to this action in the least; the plaintiff's right to sue as administratrix is not questioned. In issuing the letters to her, the court did not adjudicate that this claim was unadministered, no reference or allusion was made to it; and surely if the appellees had any rights under the final settlement, they could not be taken from them by an order of the court *ex parte* in its nature and without any notice whatever to them. Statutes are to be construed so as to have a prospective rather than retroactive effect unless the contrary plainly appears. If I understand the prevailing opinion, the act of 1891 is not only held to be retroactive in its effect, but the final settlement is annulled and set aside by it so far as the claim in suit is concerned.

If I am correct in my view that the final settlement is an adjudication, a decree in the nature of a judgment *in rem* in which all the world were parties, then the legislature had no power to pass an act destroying the rights of the parties secured by it.

The settlement of an estate by administration is only a matter of convenience. It may be done without administration. The heirs may pay all debts and then collect all claims; and so may devisees and legatees.

There was no necessity for the act of 1891 to enable heirs or legatees to collect claims or secure property be-

longing to an estate after final settlement. They had this right independent of the statute. The statute only enables such property to be administered in a more convenient method. If any property had escaped the process of administration, either by fraud, negligence, accident, mistake, or was subsequently discovered, it was only necessary to appeal to a court of equity and show that the property was not involved in the adjudication of the final settlement, and it could be reached by heirs or legatees. It is one of the prerogatives of a court of equity to afford relief in such cases. *Griffith* v. *Godey*, 113 U. S. 89 (93).

It is true that it is the policy of our law to settle the estates of deceased persons by taking out letters of administration (*Northwestern Conference, etc.*, v. *Myers*, 36 Ind. 375), and that a creditor must collect his claim against an estate by and through administration under the law, and that he can not maintain an action against the heirs, devisees and distributees until after there has been a final settlement. *Leonard* v. *Blair*, 59 Ind. 510.

It appears, from the pleadings, that the appellant is more than a creditor. She is the widow of the deceased, and claims an interest in the estate, given her by the law. If all the debts of the estate are paid, she might maintain this action without administration, or after a final settlement had been made. I do not question the plaintiff's appointment, or her right thereto under the act of 1891, but what I do say is that when the answer of a former adjudication was filed, to preserve her rights she should have replied that the claim in suit was not inventoried, administered, or involved in the administration process. Indeed, if there be no element of bar in this action, she may still maintain her action and recover said claim, without the appointment of an administrator.

I regard the case of *Carver* v. *Lewis*, *supra*, conclusive

on the questions here involved. That was not a case to recover damages for the negligence of the former administrator, but to recover a trust fund, a part of which had been collected by the last administrator. The heir, legatee, or creditor may pursue the property *in specie,* but a creditor of an estate can not maintain an action against the administrator, personally, for his negligence, but must sue on his obligation or bond. Nor can he sue an administrator *de son tort* and recover a personal judgment.

I am of the opinion that the case should be affirmed.

Filed March 17, 1893.