Davis, J.
On the 15th of March, 1894, appellee filed a petition in the Jennings Circuit Court showing that one Gallus Kirchner departed this life intestate in said county in 1885; that after the death *697 of said Kirchner there was administration in said court on his estate; that the administrator of said estate was finally discharged by said, court in 1888; that there -was then no administration of said estate pending in any court of this State or elsewhere, and that there were assets belonging to the estate of said decedent within the jurisdiction of said State that had not been and should be administered, and that said petitioner was a creditor of said estate, whose debt remained unpaid, and therefore he asked to be appointed administrator de bonis non of said estate.
Filed Jan. 31, 1895.
The appellants, the children of said decedent, appeared and resisted said appointment.
Nine errors have been assigned in this court.
We have carefully read the entire record in the light of the argument of counsel, and, in our opinion, the only question presented for our consideration is whether the act of March 5, 1891, is applicable to estates that had been administered upon and in which final reports had been made and approved prior to that date: Acts 1891, p. 107; section 2395, R. S. 1894.
On the authority of Barnett, Admx., v. Vanmeter, 7 Ind. App. 45, we are satisfied the judgment o.f the court below should be affirmed.
It is conceded that the debts of Gallus Kirchner, deceased, have not been paid, and there is evidence tending to prove that there is a just claim in favor of his estate against the United States Government.
The only reason urged against the appointment of the administrator de. bonis non is the approval of the final settlement report in 1888.
In the case cited, Judge Reinhabd says: “By the passage of this act, it was doubtless intended to reach any assets, for the benefit of creditors, legatees or heirs which had not been administered upon in the former administration.”
Under the provisions of the act of 189], as construed by this court in the Barnett cáse, there is no reversible error in the record.
Judgment affirmed.