HIATT *v.* HOWARD ET AL.

[No. 15,361. Filed May 4, 1937. Rehearing denied October 15, 1937.]

*Owen S. Boling,* and *Godfrey D. Yaeger,* for appellants.

*Jones, Hammond, Buschmann & Gardner,* for appellees.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, *amici curiae.*

DUDINE, J.—This is an appeal from a judgment against appellant in a suit instituted by appellant against appellees. The issue was joined upon a fourth amended complaint in one paragraph. Appellees filed a demurrer to the complaint, which demurrer was sustained, and appellant declining to plead further, judgment was rendered on the demurrer that appellant take nothing by his complaint.

The sole error assigned on appeal is claimed error in sustaining said demurrer to the complaint.

Appellees have filed a motion to dismiss this appeal. The court now overrules said motion.

The complaint among other things alleged that the Fort Wayne Avenue State Bank suspended business and went into voluntary liquidation on December 31, 1930; that Albert C. Nobes was appointed liquidating agent and assumed charge of the affairs at the time of the filing of the complaint.

It alleged further that appellant was a depositor of the bank, and had money on deposit at the time the bank closed, and that he instituted the action in his behalf and in behalf of all other creditors of the bank.

It alleged further that appellees were stockholders of the bank at the time it closed.

The complaint prayed separate judgments against each of the alleged stockholders in an amount equal to the total par value of their respective shares of stock,

and that a "trustee" be appointed to collect said judgments and distribute the proceeds to the creditors of the bank.

The demurrer was based on the ground that the complaint did not state facts sufficient to constitute a cause of action.

In the memoranda supporting the demurrer, appellees contended that the Financial Institutions Act of 1933 gave the Department of Financial Institutions *exclusive* power to liquidate banks, and that therefore the complaint did not state a cause of action.

In this appeal appellees rely upon a similar contention, in support of the judgment.

Appellant contends: (First) That as a creditor of the bank he has a right to maintain such an action "even though a receiver may likewise have such authority." (Citing *Gaiser* v. *Buck* [1931], 203 Ind. 9, 179 N. E. 1.) (Second) The Financial Institutions Act of 1933 is not applicable to this action because this action was commenced before said act was passed. (Third) Assuming that said act was applicable, the remedy provided thereby was supplementary and not exclusive.

Section 45 of the Financial Institutions Act of 1933 (Acts 1933, ch. 40, p. 176, §7767 Baldwin's 1934) provides:

> "Except as herein otherwise provided, the sole and exclusive right to liquidate and terminate the affairs of any financial institution to which this act is applicable, shall be vested in the department, and hereafter no receiver, assignee, trustee or liquidating agent shall be appointed for such purpose or for any financial institution or the assets or property thereof by any court, or the judge thereof, or any other person."

Section 240 of said act (§7962 Baldwin's 1934) provides:

"The liability hereby imposed upon shareholders in banks and trust companies shall be enforced by the department pursuant to the provisions of section 63 of this act."

Section 63 of the said act (§7785 Baldwin's 1934) specifically gave to the Department of Financial Institutions the authority to "enforce the individual liability imposed by law upon the shareholders," and prescribed a procedure to be followed by the department.

We think that the "remedy" provided by said act was intended by the legislature to be exclusive, and that such intention was clearly expressed in said act, particularly in the sections thereof which we have referred to.

This suit was instituted on June 3, 1932, the demurrer was sustained on March 19, 1934, and the judgment was rendered the next day. The Financial Institutions Act of 1933 went into effect in 1933.

The "right" of a creditor to maintain such an action, as stated in the complaint before us, even though the receiver may likewise have such authority, which right appellant contends was recognized by our Supreme Court in *Gaiser* v. *Buck, supra,* was not a "substantive right," but merely a right in adjective law. Appellant's substantive rights were not and will not be impaired by the application of said act, or the denial, as to him, of the right to maintain such action. The relief afforded under said act was substantially similar to the relief which was available prior to its enactment. The act, in effect, merely modified the procedure by which appellant could prosecute his substantive rights against the stockholders of the bank.

"Ordinarily, statutes can not be made to operate retroactively, unless a contrary intention clearly

and strongly appears, if by making them so operate vested rights would be affected. *Niklaus* v. *Conkling*, 118 Ind. 289; *Goodbub* v. *Hornung*, 127 Ind. 181.

"But this rule cannot be invoked in cases where no new right is given or taken away, but only a new remedy is afforded for the enforcement of a right already existing. The main question in such cases is the purpose of the law, and, if necessary to carry out such purpose, the courts will construe it to apply to past as well as future transactions, unless by doing so vested rights would be impaired. *Conn. Mut. Life Ins. Co.* v. *Talbot*, 113 Ind. 373.

"In the case just cited it was said by Mitchell, C. J. 'Statutes are to be construed and applied prospectively, unless a contrary intent is manifested in clear and unambiguous terms. This is undoubtedly the general rule, and it is sometimes held that, to work an exception, the intent favoring retrospective application must affirmatively appear in the words of the statute. The better rule of construction, and the rule peculiarly applicable to remedial statutes, however, is, that a statute must be so construed as to make it effect the evident purpose for which it was enacted, and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty.' " (*Barnett, Admx.* v. *Vanmeter et al.* (1893), 7 Ind. App. 45, 52-53, 33 N. E. 666.

That rule of construction has been applied to statutes, thus resulting in holdings that the statutes had retroactive effect in *Wahl et al.* v. *Schierling* (1895), 11 Ind. App. 696, 38 N. E. 1093, decided on authority of *Barnett, Admx.* v. *Vanmeter, supra; Collier et al* v. *State ex rel. Lewis* (1857), 10 Ind. 58; *Mayne* v. *The Board of Comm. of Huntington County* (1890), 123 Ind. 132, 24 N. E. 80.

The purpose of the Financial Institutions Act of 1933 was to regulate financial institutions, particularily in-

172

solvent financial institutions in the course of liquidation. The act applied to all financial institutions organized under the laws of this state. (Sec. 2 of the Act.) The purpose of the act extended to financial institutions which were closed before the act went into effect, as well as to those which were closed thereafter. Said rule of construction is applicable here.

Applying said rule to said act results in the conclusion that said act had retroactive effect and that said act was applicable in the instant case.

In view of the conclusions we have reached it is not necessary that we discuss appellant's first contention.

No reversible error having been shown, the judgment is affirmed.

Note: The Financial Institutions act of 1933 was amended by chapter 5 of the acts of 1935 in many particulars. Attention is called particularly to sections 14 and 44 of chapter 5 of the acts of 1935 in connection with this case. Kime, J. dissents with opinion.

DISSENTING OPINION.

KIME, J.—I dissent from the result reached here because the appellant had the right, at the time he applied for a receiver, to have a receiver appointed and to collect the double liability. The statute passed afterwards should not be construed as taking away the remedy theretofore provided. In fact the Financial Institutions Act specifically saves situations such as here presented.