# THE FIDELITY AND CASUALTY COMPANY OF NEW YORK
## v. ST. PAUL GAS LIGHT COMPANY.[1]

May 19, 1922.

No. 22,765.

**Workmen's Compensation Act—subrogation—suit by insurer against third person for death of employe.**

1. The time within which an employer who has paid the compensation provided for by the Workmen's Compensation Act for the death of his employe, whose death is caused by the wrongful act of a third person, by which payment the employer becomes subrogated to the rights of the dependents of the deceased employe, may commence an action against such third person, is that prescribed by G. S. 1913, § 8175.

**Construction of act.**

2. The compensation act gives no new right of action for such wrong either to the employe or the employer, but recognizes and continues in force existing legal remedies, with the right of subrogation by the employer to the rights of the employe when he has paid the compensation therein provided for.

Action in the district court for Ramsey county to recover $3,572. From an order, Brill, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*Butler, Mitchell & Doherty,* for respondent.

BROWN, C. J.

It appears from the record in this case, and the facts are not in dispute, that on July 20, 1919, M. J. Schwartz was in the employ of the Northern States Power Company, a corporation; each being within and subject to the Workmen's Compensation Act. On that date while engaged in the line of his employment Schwarz suffered an injury by reason of the negligence of defendant in this action,

[1]Reported in 188 N. W. 265.

the St. Paul Gas Light Company, a third party employer, also within the act, which resulted in his death. His dependents were entitled to compensation under the statute and in proceedings to recover the same, instituted against his said employer, judgment was awarded to his widow in the sum of $3,572. Plaintiff in this action had insured the employer, and, in discharge of its contract obligation thereunder to protect the company from such liabilities, assumed the payment of the judgment, and under the statute has become subrogated to the right of the employer to reimbursement from the third party wrongdoer. This action was brought for that purpose, and to recover against defendant the amount of the judgment, the basis of the action being, in addition to the facts stated, the charge in the complaint that the injury and death of Schwarz were caused by its negligent and wrongful act. There was a demurrer to the complaint on the ground that the cause of action is by the facts stated therein barred by the statute of limitations. The demurrer was sustained and plaintiff appealed.

The learned trial court was of the opinion and held that the cause of action arose under and by force of our death-by-wrongful-act statute, section 8175, G. S. 1913, and since the action was not commenced within the time there limited the remedy is barred and plaintiff cannot recover. The correctness or incorrectness of that conclusion presents the only question on the appeal. We answer it in harmony with the view taken by the trial court.

The right of action at common law for a personal injury, in the absence of a survival statute, whether the injury result in death or not, is personal and dies with the death of either party, except as provided by section 8174, G. S. 1913. We have in this state, where the injury results in death, the survival statute relied upon by the trial court, known as our Lord Campbell's Act, by which an action of the kind is required to be commenced within two years. It is the only enactment having the purpose of continuing such right of action after the death of the injured party, and controls the case at bar, upon the point in issue, the statute of limitations, unless, as contended by counsel for plaintiff, the right is also created and given by the compensation act, with the limit of time for the commence-

ment of the action as fixed and prescribed by G. S. 1913, § 7701. We have given this contention due consideration and are unable to concur therein.

A careful reading of the pertinent provisions of the compensation act discloses no language indicating a legislative purpose or intent by the third party provisions thereof of creating any new remedy for the death of an employe by the negligent act of a person other than his employer. A remedy for a wrong of that character existed at the time of the passage of the compensation statute, under the death-by-wrongful-act statute, just referred to, and there was no occasion for supplementing or adding thereto by further legislation. The act expressly recognizes the existence of the remedy, and provides that an injured employe or his dependents, where death results from the negligent or wrongful act of a third person, may at his or their option pursue it against the third person or demand compensation from the employer. And it is immaterial so far as concerns an exercise of the option whether the third party be within or without the act; the option may be exercised in either case. These various provisions rounded out and made a consistent whole that feature of the act, but therefrom the conclusion of an intention to grant a new remedy to either the employer or employe cannot well be drawn. The intention to preserve and continue existing remedies is clear. In fact the only new right of action given by the compensation act to anyone is the action by the employe against the employer for an *accidental* injury, one not previously existing either at common law or by statute. The provisions of the act subrogating the employer to the rights of the employe against third persons negligently or otherwise causing injury to him, create no new right of action in either; such provisions serve only to place the employer who pays the compensation in the first instance in the position of the employe in respect to the remedies held against the third person. The employer thereby acquires such rights and such rights only as were at the time vested in the employe; nothing more, and nothing less.

No authorities have been called to our attention and we have found none passing upon the precise question. The case of Star

Brewing Co. (C. C. A.) 275 Fed. 330, somewhat relied upon by plaintiff, is not in point. The decision there rendered was predicated upon the compensation act of the state of Illinois, the pertinent provisions of which are materially different from our statute. By the Illinois act all common law remedies of the employe are abolished, save as against third persons not within the act, and the remedy against the third person who is within the act is expressly granted to and vested in the employer; thus depriving the employe of that right of action, and conferring it exclusively upon the employer. Gones v. Fisher, 286 Ill. 606, 122 N. E. 95. Such is not the situation under our statute, for here all the legal remedies of the employe against third persons are continued in force and may be resorted to by him, with a limitation as to amount of recovery where the third person is within and subject to the act. If he elects to pursue his employer for compensation and recovers, the employer becomes subrogated to his rights, but in that case only. The remedy is that of the employe, passing to the employer only under the rule of subrogation. In fact the provisions of the act on this subject are no doubt merely declaratory of the common law rule of subrogation, available to the employer without act of the legislature. 37 Cyc. 370; 25 R. C. L. 1322; 3 Dunnell, Minn. Dig. § 9036; Emmert v. Thompson, 49 Minn. 386, 52 N. W. 31, 32 Am. St. 566; The Northern Trust Co. v. Consolidated Elev. Co. 142 Minn. 132, 171 N. W. 265, 4 A. L. R. 510.

Order affirmed.