EMPLOYERS' LIABILITY ASSURANCE COMPANY *v.* INDIANAPOLIS AND CINCINNATI TRACTION COMPANY ET AL.

[No. 24,584. Filed February 19, 1924. Modified and rehearing denied July 3, 1924.]

1. LIMITATION OF ACTION.—*Workmen's Compensation Insurance Carriers.—Statute of Limitation.—Accrual of Right of Action.* —Under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns 1914) an insurance carrier, who becomes bound to pay compensation to an injured employee whose injuries were caused by some one other than the employer, must bring suit against the person liable for such injury within two years after injury (§295 Burns 1914, §293 R. S. 1881), and not within two years after payment of last installment of compensation. p. 97.

2. LIMITATION OF ACTION.—*Workmen's Compensation Insurance Carriers.—Recovery of Compensation Paid from Wrong Doer.— Statute of Limitation.—Accrual of Right of Action.*—An action by an insurance carrier against the person liable for the injury to a workman, to whom the insurance carrier was required to pay compensation, is not an action in *assumpsit* on an implied contract to reimburse the amount so paid out, so as to take the case out of the provision of the statute governing personal injuries (§295 Burns 1914, §293 R. S. 1881) that suit must be brought within two years. p. 99.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Recovery of Compensation Paid from Wrong Doer.*—Section 13 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), authorizing an insurance carrier to recover compensation paid for injuries from the wrong doer "in whom legal liability for damages exist," does not create a new cause of action.    p. 100.

4. STATUTES.—*Workmen's Compensation Act.—Title.—Cause of Action.*—Section 13 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et. seq.* Burns' Supp. 1921) authorizing an insurance carrier to recover compensation paid to an injured employee from the person liable for the injury, if construed to create a "new right of action," would be violative of Art. 4, §19 Constitution.    p. 102.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Insurance Carrier an "Employer."—Statutes.*—An insurance carrier under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et. seq.* Burns' Supp. 1921), that has become bound to pay compensation to an injured workman by a policy that contains a direct promise to pay (§74, Acts 1915 p. 392, *supra*), and has made an agreement or suffered an award fixing the amount to be paid (§57, Acts 1915 p. 392, *supra*), is an "employer" within the meaning of the statute (§76, cl. (a), Acts 1915 p. 392, *supra*) and is entitled to collect indemnity paid or payable from a third person causing the injury (§13, Acts 1915 p. 392, *supra*).    p. 103.

From Marion Superior Court (11,632) ; *Arthur R. Robinson*, Judge.

Action by the Employers' Liability Assurance Company against Indianapolis and Cincinnati Traction Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 567, §10). *Affirmed.*

*James W. Fesler, Harvey J. Elam* and *Howard S. Young*, for appellant.

*Donald L. Smith*, for appellees.

EWBANK, C. J.—The question presented for decision is whether or not an insurance carrier for an employer, being required by an award of the Industrial Board to pay compensation to an injured workman whose in-

juries were caused by the negligence of some one other than the employer, may maintain an action against such third person under §§13 and 76 (a) of the Workmen's Compensation Act (Acts 1915 p. 392, §§8020w and 8020h3, cl. [a], Burns' Supp. 1918), commenced within two years after paying the last installment of compensation, although such action was not commenced within two years after the injury was inflicted.

Appellant was the plaintiff below. The complaint was filed February 16, 1921. It alleged, in substance, that plaintiff was authorized to do business as an insurance company; that in April, 1916, it issued to a designated company a policy covering the liability of said company to its employes under the Workmen's Compensation Law, a copy of which policy was set out, and that it became and was the insurance carrier for said company; that thereafter on May 31, 1916, a workman in the employ of said company, while engaged in doing certain acts shown by proper averments to be within the scope of his employment, was struck by a car on the track of appellee traction company by reason of certain alleged negligence of said appellee, and was thereby so injured that his arm was crushed off below the elbow; that the Industrial Board demanded of plaintiff that it pay compensation for such injury, and plaintiff, as such insurance carrier for said employer, entered into an agreement with the injured workman to pay him compensation at a designated rate (as fixed by §31 (f), Acts 1915 p. 392, §8020o1 Burns' Supp. 1921) for 150 weeks and said agreement as to compensation was in all things approved by the Industrial Board and remained wholly unchallenged; that the injured workman's average weekly wage was of an amount stated, and his bills for medical attention within the first thirty days were of an amount stated, so that the agreement provided that plaintiff, as such insurance

carrier, should pay only what the statutes of Indiana required it to pay; that pursuant thereto plaintiff paid said medical bills, and said weekly installments of compensation for 150 weeks, in the total sum of $1,496.50, for all of which it became and was made liable as such insurance carrier by reason of the said negligent acts of the traction company and its negligent infliction of said injuries on said workman, and under plaintiff's contract of insurance it was compelled to pay the same to save the employer company harmless from liability for such payments; that plaintiff is the owner of the alleged cause of action,. and the entire beneficial interest therein has vested in it by reason of said facts; that the last installment of said compensation was paid in April, 1919; that by reason of the said facts the traction company was indebted to plaintiff in the sum of $1,496.50, together with interest. The policy of insurance made a part of the complaint bound plaintiff "to pay the compensation and to furnish or cause to be furnished the medical * * * services and medicines * * * on behalf of the insured, to any person or persons to whom compensation or services shall become due for or on account of personal injuries * * * suffered by any employe of the assured," as provided by the Workmen's Compensation Act of Indiana, which was expressly referred to therein, and to indemnify the insured against loss because of liability for damages on account of personal injury suffered by any employe during the policy period. "Condition C" in the policy stipulated that, "In case of payment of loss or expense under this policy the corporation shall be subrogated to all rights of the assured against any party as respects such loss or expense, to the amount of such payment," etc.

The defendant filed an answer in three paragraphs, the first of which was a general denial, the second a

plea that the alleged cause of action sued on did not accrue within two years, and the third that when the said workman was injured, defendant was then and continuously thereafter a domestic corporation with its principal offices at Indianapolis, Indiana, and that the injured workman was of full age and sound mind at the time of the injury; that defendant's alleged negligence and the workman's injury occurred on May 31, 1916, and by reason of said facts the alleged cause of action did not accrue within two years next before the commencement of the action. There was evidence fairly tending to prove the averments of the complaint, and proving, without dispute, that the negligence of defendant occurred and the injury was inflicted on May 31, 1916, and that the injured workman could have maintained an action for damages because of his injuries on or after that date, as alleged in the answer. On motion the court instructed the jury to return a verdict for the defendant. A motion for a new trial specifying as error the giving of this instruction was overruled, and appellant excepted and has assigned the ruling as error.

At the time the injury was inflicted and for more than two years thereafter the sections of the Workmen's Compensation Act by which the rights of the parties must be determined read (in part) as follows:

"Sec. 13. Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both; and if compensation is awarded under this act the employer, having paid the compensation or hav-

ing become liable therefor, may collect in his own name or that of the injured employe from the other person in whom legal liability for damages exist, the indemnity paid or payable to the injured employe.

"Sec. 24. The right to compensation under this act shall be forever barred unless within two years after the injury * * * a claim for compensation thereunder shall be filed with the industrial board.

"Sec. 57. If after 14 days from the date of the injury * * * the employer and the injured employe * * * reach an agreement in regard to compensation under this act, a memorandum of the agreement in the form prescribed by the industrial board shall be filed with the board * * * If approved by the board, thereupon the memorandum shall for all purposes be enforcible by court decree as hereinafter specified. * * *

"Sec. 68. Every employer under this act shall either insure or keep insured his liability hereunder in some corporation, association or organization authorized to transact the business of workmen's compensation insurance in this state, or shall furnish to the industrial board satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due as provided for in this act. * * *

"Sec. 74. No policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to same all benefits conferred by this act, and all installments of the compensation that may be awarded or agreed upon * * * Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name.

"Sec. 76. In this act unless the context otherwise requires: (a) 'Employer' shall include the state and

any municipal corporation within the state or any political division thereof, and any individual, firm, association or corporation or the receiver or trustee of the same or the legal representatives of a deceased employer, using the services of another for pay. If the employer is insured it shall include his insurer so far as applicable. * * *" §§8020w, 8020h1, 8020o2, 8020z2, 8020f3, 8020h3 Burns' Supp. 1918, Acts 1915 p. 392, §§13, 24, 57, 68, 74 and 76.

And section 62 provided for the entry of an award or duly approved agreement as a judgment of the circuit or superior court, with the same effect "as though said judgment had been rendered in a suit duly heard and determined by said court." §8020t2 Burns' Supp. 1918, Acts 1915 p. 392, §62. The changes made in these sections by subsequent amendment did not alter their meaning as applied to the facts of the case at bar. Acts 1917 p. 226, Acts 1919 pp. 159, 171, 175.

It appears from the foregoing that the law required plaintiff, as an insurance carrier, to become primarily bound to pay all the compensation due a workman employed by one whom it insured and that plaintiff became thus bound; that the law authorized it, with the approval of the Industrial Board, after a workman was injured, to enter into an agreement with him fixing the amount and terms of payment of the compensation that he should receive, which should be enforcible by decree of court with the same effect as a judgment, and that plaintiff had done this, and so had become legally bound to pay installments of compensation weekly in a total amount as so fixed after the expiration of fourteen days from the date of the injury; that "the employer" was authorized to collect in his own name from a third person by whose negligence his workman was injured "the indemnity paid or payable to the

injured employe," after "having paid the compensation or having become liable therefor," and that the term "employer," as used in the statute, embraced plaintiff, as the insurer of the company by whom the injured workman was employed.

It follows that at any time after the workman was injured plaintiff had the right to become bound to him for the payment of his compensation and medical bills, either by an award of the Industrial Board or by an agreement with him, approved by the board, and by doing so could acquire the right to bring suit in its own name, against appellee for damages, joining the injured workman and the company by whom he was employed, as parties, to answer to their interest, or in the name of the injured workman, at its option; that it exercised this right and became entitled to bring such an action.

"The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward:    First.    For injuries to person or character    *    *    *    within two years." §295 Burns 1914, §293 R. S. 1881.

But counsel for appellant say that "the cause of action involved in this case is not a personal injury action at all, but is a new cause of action, and not controlled by the personal injury statute of limitations." If by this language is meant that the Workmen's Compensation Act created a right of action to which nobody who may inflict a personal injury is subject unless the injured person shall be in the employ of some one operating under the act who has insured his liability, and unless the workman shall accept compensation paid by the insurer, we do not think the legislature could enact a valid law to that effect if it tried to do so. Where two persons are injured in the same way by the same negligent act, the liability of the wrongdoer to an ac-

MAY TERM, 1924. 99

Employers', etc., Assurance Co. *v.* Indianapolis Trac. Co.—195 Ind. 91.

tion on account of each injury must be of the same character. The facts that one of the persons injured is in the employ of somebody liable to him for compensation who carries indemnity insurance, and that he accepts it and thereby waives the right each injured person otherwise would have to recover damages by an action commenced within two years, cannot afford a basis for making the wrongdoer, who has no contract relations with the workman or with his employer, subject to a "new" right of action to which only persons injuring workmen that accept compensation under like circumstances are subject, maintainable only by one who has paid such indemnity, and which is "not a personal injury action at all nor controlled by the personal injury statute of limitations," but may be commenced after the payment of benefits by installments shall have been completed.

The Constitution of Indiana forbids the passage of special laws "regulating the practice in courts of justice." Art. 4, §22, Constitution, §118 Burns 1914. And provides that "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." Art. 1, §23, Constitution, §68 Burns 1914. Under these provisions a right of action cannot be limited by conditions which make it available only to redress an occasional injury out of many of the same kind inflicted by the same means under like circumstances.

Appellant further insists that its action is in the nature of assumpsit to enforce "a right of action based on the common-law idea that when one has paid money that should have been paid by another, the one making the payment can maintain an action in *assumpsit* against the one that really should have paid, the law implying a promise to repay." But the

contract liability of the employer, growing out of the single fact that the injury was received while engaged in his service, and measured by the character of the injury, the duration of the disability and the amount of wages the injured person has been receiving, is wholly different from the liability in tort of a third person growing out of the fact that an injury was wrongfully inflicted, and measured by the severity of the injury, the suffering endured by the person injured, the wages he lost, and possibly the amount of smart money which the jury might add to the actual damages. An unliquidated claim for damages which the law expressly required to be put in suit within two years, with the alternative that otherwise it should cease to exist, could not be deemed paid on behalf of the supposed wrongdoer whose liability had not been admitted nor adjudged to exist, by reason of compensation being paid on a basis wholly different from that by which the damages in *tort* (if any) would be measured, so as thereby to charge the wrongdoer upon an implied contract of reimbursement.

Neither do we think that in any event a new right of action could be created by the language of section 13 of the act under consideration, as follows: "If 3. compensation is awarded under this act the employer having paid the compensation or become liable therefor, may collect in his own name or that of the injured employe from the other person *in whom legal liability for damages exists* (our italics), the indemnity paid or payable to the injured employe." §8020w Burns' Supp. 1918, *supra.* This carries no intimation of a purpose to create a new right of action, with a corresponding "legal liability for damages" not subject to the limitation of time allowed for bringing suit thereon as for a personal injury. On the contrary, it expressly refers to the enforcement of a legal liabil-

ity that "exists," and nothing more, merely providing in whose name it may be enforced and for what purpose.

Appellant cites some decisions of courts of other states, but we do not think they are controlling. In *Star Brewing Co.* v. *Cleveland, etc., R. Co.* (1921), 275 Fed. 330, the United States Circuit Court of Appeals construed the Illinois statute as creating a new right of action in favor of the employer for injuries causing the death of a workman, negligently inflicted by a third person. But section 6 of that act provided that "no common law or statutory right to recover damages for injury or death sustained by an employe while engaged in the line of his duty as such employe other than the compensation herein provided shall be available to any employe who is covered by the provisions of this act * * * (or) to the legal representatives of his estate." And §29 provided that the employer, having paid compensation, might recover from the wrongdoer, and if, having so paid and then brought suit, he should recover damages, "such employer shall nevertheless pay over to the injured employe or personal representative, all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorney fees and reasonable expenses," etc. (Laws Ill. 1913, p. 335). And the decision in *Star Brewing Co.* v. *Cleveland, etc., R. Co., supra,* that a new right of action for the death of a workman was thereby created was put on the ground that no right of action for injuries causing death existed at common law, but that such right is wholly statutory; that §6 above recited took away that right, and therefore that §29 must be deemed to give a new action. But the Indiana statute does not contain any such provisions. Moreover, the Supreme Court of Illinois refused to follow the inter-

pretation of the act by the Circuit Court of Appeals, and decided that the employer's right of action in that state is barred by the expiration of two years, the same as that of the injured employe. *Schlitz Brewing Co.* v. *Chicago R. Co.* (1923), 307 Ill. 322, 138 N. E. 658.

The case of *Travellers Ins. Co.* v. *Padula Co.* (1918), 224 N. Y. 397, 121 N. E. 348, related to a cause of action given to the dependents of an employe, and by them expressly assigned to the insurance carrier in consideration of the payment of compensation, where there was no question as to the action having been commenced in time. And the case of *Turnquist* v. *Hannon* (1914), 219 Mass. 560, 107 N. E. 443, related to an action brought in the name of the administrator of a deceased employe; but maintained for the benefit of the insurance carrier that had paid compensation to his widow, under a provision of the statute that "if compensation be paid under this act, the association may enforce in the name of the employe, or in its own name and for its own benefit, the liability of such other person." The court said of this statute: "It simply provides that where the insurer has afforded the prompt relief to the dependents of a deceased employe which the act requires, it may enforce for its own benefit the rights against tortious third persons causing his injury which otherwise would have been available to the employe or his representatives." No question of a statute of limitations or of the creation of new rights not previously vested in the employe and his representatives was involved.

Even if the language of §13, above recited, would bear the construction contended for by appellant, the legislature could not have granted any "new right of action" by a provision written into the Workmen's Compensation Act unless it was embraced by the title. Art. 4, §19, Constitution, §115 Burns 1914.

The title of the act was as follows (our italics) : "An act to promote the prevention of industrial accidents; to cause provision to be made for adequate medical and surgical care for injured employes; To establish rates of compensation for personal injuries or death sustained by employes in the course of employment; *To provide methods for insuring the payment of such compensation;* To create an industrial board for the administration of the act and to prescribe the powers and duties of such board; To abolish the state bureau of inspection and provide for the transfer to said industrial board (of) certain rights, powers and duties of said state bureau of inspection." Acts 1915 p. 392.

The expression "to provide methods for insuring the payment of such compensation" is not comprehensive enough to embrace the creation of a "new" right of action against one not an employer nor an employe, in favor of a company insuring the payment of compensation, to be enforced by an action commenced long after the original right of action by reason of the injury has expired by limitation, and after the defendant's liability would have ceased to exist except for the injured person being employed, his employer being insured, and an injured employe electing to accept compensation under the statute.

Except on the ground that a new cause of action for something else than personal injuries was created by the Workmen's Compensation Act, the only reason suggested by counsel for appellant for asking a decision that the two year statute of limitations does not bar an action commenced more than two years after the injury was inflicted is the alleged reason that the insurance carrier could not have maintained a suit brought within that time, and that it must be assumed that a right of action given by statute was authorized to be commenced at some time. But, as

104    SUPREME COURT OF INDIANA,

Employers', etc., Assurance Co. *v.* Indianapolis Trac. Co.—195 Ind. 91.

we have seen, the insurance carrier that has become bound to pay compensation to an injured workman by issuing a policy that contains a "direct promise by the insurer to the person entitled to compensation" (Acts 1915 p. 392, §74, *supra*) and has made an agreement or suffered an award fixing the amount of compensation to be paid (Acts 1915 p. 392, §57, *supra*) is an "employer" within the meaning of the statute (Acts 1915 p. 392, §76 (cl. a), *supra*), and is entitled to collect from a third person who wrongfully caused the injury the indemnity paid or payable to the injured employe (Acts 1915 p. 392, §13, *supra*).

The case of *Maryland Casualty Co.* v. *Cleveland, etc., R. Co.* (1919), 74 Ind. App. 272, 124 N. E. 774, is clearly distinguishable from the one at bar. In that case the complaint to which a demurrer was sustained, as recited in the opinion, did not allege that the plaintiff had issued a policy by which it became primarily bound to pay compensation to the injured workman, nor that an award in favor of the injured workman had been made against the plaintiff; nor does it appear from the opinion that any attempt was made to bring plaintiff within Acts 1915 p. 392, §76, cl. a, *supra*, as being an employer, or that the effect of that section was suggested to or considered by the court. The opinion recites the averments of the complaint then under consideration to be that the workman was injured while in the employ of the Dunn-McCarthy Company, and that thereafter the Industrial Board "awarded him compensation, and ordered said company to pay him (certain sums) as compensation for the injuries sustained by him;" and that under a clause of an insurance policy by which the plaintiff had insured said company against liability on account of injuries to its workmen and by reason of payments it had made, plaintiff was subrogated to the rights of the Dunn-McCarthy Company and of

MAY TERM, 1924. 105

Employers', etc., Assurance Co. *v.* Indianapolis Trac. Co.—195 Ind. 91.

the injured workman in their right of action to recover damages for the negligent injury. It then correctly declares the equitable doctrine of subrogation. If the complaint had stated facts showing that the plaintiff was directly bound to the workman for the payment of compensation, both by the policy it issued and by the award of the industrial board, and the court had been considering the right of the plaintiff as an "employer," defined by Acts 1915 p. 392, §76, cl. a, *supra,* to be an insurance carrier under such circumstances, we may assume the court would not have reached the result that it did when considering only the question of subrogation.

We hold that the right given to an "employer" (whether the master or the insurance carrier) to recover from a third person by whose wrongful act or omission a workman was injured, is governed by the two year statute of limitation of actions for injuries to person or character above set out. The courts of Illinois and Minnesota have given a like construction to similar language in the statutes of those states. *Schlitz Brewing Co.* v. *Chicago R. Co., supra; Fidelity & Casualty Co.* v. *St. Paul Gas Light Co.* (1922), 152 Minn. 197, 188 N. W. 265.

It follows that under the facts alleged and proved appellant could have maintained an action for the cause stated in its complaint at any time after it became directly liable for and bound to pay to the injured workman compensation for his injury, and that its right of action was barred at the expiration of two years after the injury was inflicted.

The judgment is affirmed.