J. F. ELKINS CONST. CO. *v.* NAILL BROS.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

J. H. HODGES, of Knoxville, for plaintiff in error.

FRANTZ, McCONNELL & SEYMOUR, of Knoxville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

R. R. Holcomb, while employed by plaintiff in error, was accidentally killed on April 2, 1928. Holcomb was survived by his widow and three children, to whom compensation was awarded in the sum of $16 per week for not exceeding four hundred weeks, and the further sum of $100 for burial expenses, making a total of $6,500. Weekly payments have been made in accordance with said award, beginning from the date of Holcomb's death. The foregoing appears from the declaration filed herein, which is a suit instituted on November 13, 1931, by plaintiff in error against defendants in error to recover said sum of $6,500, upon the theory that Holcomb's death was the proximate result of the negligence of defendants in error. Plaintiff in error conetnds that, as the employer of Holcomb; and having become liable for the compensation awarded his dependents, it is entitled to be subrogated to the rights of said dependents by virtue of section 14 of the Workmen's Compensation Act, Code, section 6865, which is as follows:

"Whenever an injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this chapter, the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person

against whom legal liability for damages exists, the indemnity paid or payable to the injured employee."

The defendants in error demurred to the declaration, upon the ground that the cause of action was barred by the one-year statute of limitation, Shannon's Annotated Code, section 4469, which is as follows:

"Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statute penalties, within one year after cause of action accrued."

The trial court sustained the demurrer and dismissed the suit. Plaintiff in error has appealed, and by assignments of error insists that the trial court erred in his construction of the statute, and that its cause of action is not barred by the one-year statute.

It is conceded that an injured employee, or, in case of his death, his next of kin, would have to institute suit against a third party within a year. It would follow logically that, if the involved statute did not create a new cause of action in favor of the employer, but simply subrogated him to the rights of the employee, or his dependents, then the one-year statute would apply. That the statute does not create a new cause of action was expressly held in the following cases: *American Mutual Liability Ins. Co.* v. *Otis Elevator Co.*, 160 Tenn., 248, 23 S. W. (2d), 245; *Fidelity & Casualty Co.* v. *St. Paul Gas Light Co.*, 152 Minn., 197, 188 N. W., 265; *Schlitz Brewing Co.* v. *Chicago Rys. Co.*, 307 Ill., 322, 138 N. E., 658; *Employers', etc., Assurance Co.* v. *Indianapolis Trac. Co.*, 195 Ind., 91, 144 N. E., 615. With a minor exception, the Indiana and the Tennessee statutes are identical. In the last three named cases it was expressly held that the cause of action of the subrogated employer was barred

by the statute of limitation fixing the time within which suits for personal injuries should be instituted. We have been cited to no authorities taking a contrary view.

Counsel for plaintiff in error insists, however, that this court should hold that the employer's action, provided by the act, is in the nature of an action for contribution, on the ground of an implied contract arising from an equitable obligation on the part of the third party. No authority has been cited in support of this contention, and a decision to that effect would run counter to the construction placed upon the statute in the cases cited above. As an original proposition, however, we do not consider this a proper case for the application of that doctrine.

In 6 Ruling Case Law, 1036, it is said:

"It is a familiar principle that when several parties are equally liable for the same debt and one is compelled to pay the whole of it, he may have contribution against the others to obtain from them the payment of their respective shares. It is almost universally conceded that this doctrine is not founded on contract, but on an acknowledged principle of equity, which requires that those who voluntarily assume a common burden should bear it in equal proportion. And when any burden ought, from the relation of the parties, or in respect of property held by them, to be equally borne, and each party is in *æquali jure*, contribution is due. But it is essential to the application of the principle that the party claiming contribution be in *æquali jure*; if his obligation is primary and that of the defendant secondary only, he cannot have contribution."

The doctrine is applied ordinarily where the relationship is that of sureties, joint debtors, beneficiaries in a

policy of life insurance, co-owners of property, donees, heirs, or legatees. Neither of these relationships applies to these parties. They were not equally liable for Holcomb's death. Plaintiff in error was only liable under contract for a specific sum. It was an insurer. Defendants in error were liable for their wrongful act, possibly for a much larger sum. The liability of one was founded upon contract; the other, upon tort. But for the statute plaintiff in error would have been liable for no sum, and would have had no cause of action against defendants in error. Hence contribution has no application. The case is governed by the plain provisions of the statute.

It is argued that the construction which we have given the statute may work a hardship in some cases, since the employer cannot proceed against a third party until his liability is determined, which, in case of litigation, often extends beyond the one-year period. That question is not involved in this case and will be disposed of when it arises. It was, however, considered in some of the cases cited above.

There is no error in the judgment of the trial court, and it will be affirmed.