### BEBOUT v. F. L. MENDEZ & COMPANY.

[No. 16,790. Filed December 4, 1941.]

*Floyd O. Jellison,* of South Bend, for appellant.

*Henry L. Humrichouser,* of South Bend, for appellee.

STEVENSON, J.—The appellant, Marie Bebout, is the widow of Reu M. Bebout, who died as a direct and

proximate result of personal injuries received by him on the 25th day of September, 1937, by reason of an accident arising out of and in the course of his employment by F. L. Mendez & Company, appellee. The date of the death of Reu M. Bebout was June 12, 1938.

On June 16, 1939, the appellant filed her claim for compensation with the Industrial Board as dependent widow. The facts were stipulated. From this stipulation it appears that the appellant's decedent, Reu M. Bebout, was, at the time of his injury, employed by the appellee company, and in the course of his employment received the accidental injuries which resulted in his death, by reason of an automobile collision between the car which he was driving and one driven by Eugene B. Clark, of Buchanan, Michigan.

About two months after the injury, the said Reu M. Bebout for and in consideration of the payment of $1,150.00 settled with the said Eugene B. Clark for all the injuries sustained by him in this accident, and executed to him a full and complete release of any and all claims arising out of said accident.

The board, after hearing the evidence, found for the appellee on the appellant's claim, and entered an award that the appellant take nothing by virtue of her complaint. It is from this award of the Industrial Board that the appellant has appealed, assigning as error that the award of the Industrial Board is contrary to law.

The appellant contends that the workmen's compensation law of the State of Indiana, gives to the widow a right to compensation where the injured employee dies within three hundred weeks, as a result of a compensable injury. The appellant predicates her right on § 40-1402, Burns' 1940 Replacement, which statute reads, in part, as follows:

"When death results from an injury within three hundred [300] weeks, there shall be paid a weekly compensation equal to fifty-five [55] per cent of the deceased's average weekly wages during such remaining part of three hundred [300] weeks as compensation shall not have been paid to the deceased on account of the injury, . . ."

The appellant contends that under this section of the statute, the fact that the injured employee, prior to his death, executed a general release to a third party, by whose negligence his injury was occasioned, does not deprive the widow of her statutory right to claim compensation.

The Workmen's Compensation Act provides, however, that:

"Whenever an injury or death, . . . shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee or his dependents." § 40-1213, Burns' 1940 Replacement.

The record stipulates that the said Reu M. Bebout elected to proceed against the third party as tortfeasor, and was paid the damages which were occasioned to him by said third party. Having collected from the third party for this injury,

may the widow of such injured employee now collect from the employer, under the Workmen's Compensation Act? It is our opinion that this question must be answered in the negative.

When the tortious act of Eugene B. Clark resulted in an injury to Reu M. Bebout, certain rights accrued to the injured man or his dependents, in case of his death. Immediately following the injury, Reu M. Bebout was given the right to claim compensation from his employer, the appellee herein, under the provisions of the Workmen's Compensation Act, and he was also given the right to proceed at law against the tort-feasor, Eugene B. Clark, to recover the damages which he had suffered as a result of the injury. In case the injury resulted in his death before he elected his remedy, his dependents were given the same right. Each had an election under the statute. Following the injury, the said Reu M. Bebout elected to pursue his remedy at law; and as a result of such election, a full and complete settlement was made with him by the tort-feasor for all the injuries which he sustained as a result of the tort. Upon payment being made, the said Reu M. Bebout had no further cause of action against the wrongdoer, and he had no further claim against his employer which he could assert. Neither did his widow, the appellant herein, have any claim which she could assert against Eugene B. Clark. The fact that her husband died as a result of the injury sustained by him, did not give to her a cause of action, even though her husband's life was shortened as a result of the injuries sustained. The settlement with the husband made him whole and left his dependents no right, if any had been violated, for which they were not compensated. This question was before our Supreme Court

in the recent case of *Boden* v. *Del-Mar Garage* (1933), 205 Ind. 59, 68, 185 N. E. 860, wherein the court said:

> "In the case of a personal injury to the husband, he is entitled to recover damages for all injuries done him, and, in legal contemplation, the recovery is supposed to make him whole, and to enable him to support his wife and children and to discharge all of his marital and parental duties due them, in the same degree that the law imposed those duties upon him previous to the injury, leaving no right of theirs, if any, violated, which has not been fully compensated."

If the said Reu M. Bebout, on the other hand, had elected to proceed against the appellee, as his employer, compensation, we may assume, would have been awarded him; and in the event of his death before the amount due him was fully paid, his dependents would have had the right to collect the amount due them, under the provisions of § 40-1402, above quoted. Having paid this amount, the appellee, as employer, could then have proceeded against the said Eugene B. Clark to collect the amount of compensation which he had paid or had become obligated to pay. This right, conferred by statute, is predicated upon the theory of subrogation, and is not intended to create a new and different liability against the wrongdoer from that which existed at common law.

If the appellant, in this case, is given the right to proceed against her husband's employer, the appellee herein, under the provisions of the Workmen's Compensation Act, then one of two results must follow. (1) The appellee, as employer, must pay the compensation due and proceed to recover the amount so paid from Eugene B. Clark, or (2) the appellee must pay this amount without the right to subrogation. If the appellee pays the appellant's claim, it is clear that the appellee cannot seek reimbursement from Eugene B.

Clark. The liability of Clark has been fully paid and satisfied. No other or different claim arising out of this tort can be asserted against him. He has paid all claims which the injured employee or his dependents could assert against him.

It will be further noted that all of the rights of both the appellant and her deceased husband are embraced in § 40-1213, Burns' 1940 Replacement, being 3. § 13 of the Workmen's Compensation Act. No rights are conferred on the appellant by the common law. "Actions for personal injuries did not survive and actions for wrongful death did not exist at common law." *Northern Indiana Power Co.* v. *West* (1941), 218 Ind. 321, 329, 32 N. E. (2d) 713. Section 6 of the Workmen's Compensation Act also provided that " 'The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death.' § 40-1206, Burns' 1940 Replacement, § 16382, Baldwin's 1934." *Northern Indiana Power Co.* v. *West, supra.*

It is apparent, therefore, that § 13 of the Workmen's Compensation Act gives to the appellant herein no new or additional rights other than those which she might have formerly asserted under the wrongful death statute. As was said by our Supreme Court in the case of *Northern Indiana Power Co.* v. *West, supra,* at p. 332:

> "We do not find in § 13 any language creating in the dependents of a deceased employee a new right of action; rather, the context of the statute leads to the opposite conclusion. The 'circumstances' under which an action for damages may be brought are not set forth in the section or in any other

provision of the Compensation Act. This leads to the conclusion that § 13 must be considered in connection with other statutory provisions. The only other act applicable to the situation is the wrongful death statute, and it must follow that the action for damages contemplated by § 13 is to be pursued under the procedural machinery provided in the wrongful death statute."

Under the provisions of the wrongful death statute, § 2-404, Burns' 1933, the personal representative of the deceased can only maintain an action for wrongful death under circumstances where the deceased could have maintained such action had he lived.

It is clear that since the appellant's deceased husband, by settlement with the wrongdoer, surrendered his cause of action, his personal representative upon his death had no cause of action which he could have enforced for the benefit of the widow, appellant herein.

It is our opinion, therefore, that since the appellant has no cause of action which she could assert against Eugene B. Clark through the personal representative of her deceased husband, she has no cause of action which she can assert against his employer.

It was not the intention of the statute to impose on the employer a double liability, nor to permit compensation to be paid twice for the same injury. It follows that the appellant cannot claim compensation now for injuries which were fully compensated during the lifetime of her deceased husband.

The award of the Industrial Board is accordingly affirmed.

NOTE.—Reported in 37 N. E. (2d) 690.