FIDELITY & CASUALTY COMPANY OF NEW YORK
*v.* MILLER.

[No. 16,591. Filed December 23, 1941. Rehearing denied March 24, 1942. Tranfer denied May 6, 1942.]

*White, Wright & Boleman, George C. Forrey, III,* and *Frank A. Rich,* all of Indianapolis, and *George B. Staff,* of Franklin, for appellant.

*Fenton, Steers, Beasley & Klee,* of Indianapolis, and *Donald P. Shinn,* of Columbus, for appellee.

DEVOSS, C. J.—Appellant brought this action in subrogation against appellee, alleging that appellant was the insurance carrier of Ralph A. Woods, whose employee, Effie L. Woods, was injured by the negligent acts and conduct of appellee. That said Ralph A. Woods and Effie L. Woods had accepted the terms of The Indiana Workmen's Compensation Act and that appellant was the insurer for said Ralph A. Woods under the terms of said act and had on file with the Industrial Board of Indiana, a policy of such insurance duly approved by said board. That said Effie L. Woods filed her claim before the Industrial Board of Indiana against Ralph A. Woods for compensation, ultimately resulting in a

finding and order of said board against said Ralph A. Woods for the payment of $8.80 a week, beginning September 23, 1932, during the period of her total disability and for the payment of surgical, hospital and nurses' services. That, as the insurance carrier of said Ralph A. Woods, appellant has paid said Effie L. Woods the sum of $8.80 per week, beginning September 22, 1932 and will continue to do so until the same is rescinded, altered or modified, or until the period required by law expires: That appellant has paid the medical, hospital and nurses' services, expenses for the first thirty days following the date of injury and has paid and become liable to pay the sum of $6,000.00 and the complaint prays judgment for $6,000.00.

Appellee filed a second paragraph of answer to the complaint, setting up the statute of limitations and alleging that the complaint was not filed within two years from the date of injury complained of.

Appellant filed a demurrer to this second paragraph of answer, which was overruled by the court, with exceptions to appellant, and appellant refusing to plead further, judgment was rendered in favor of appellee, and this appeal followed. The errors assigned and relied upon for reversal in this court are: (1) The court erred in overruling the appellant's demurrer to the appellee's second paragraph of answer to appellant's complaint; and (2) the court erred in rendering judgment on the pleadings for the appellee and against the appellant for costs.

The facts involved on this appeal are not in dispute. The record discloses that the injury to Effie L. Woods, as set out in the complaint, occurred on September 15, 1932. That on September 4, 1934, Effie L. Woods filed her application for compensation against Ralph A. Woods and that on January 24, 1936, the full Industrial

Board made the finding and award as set out herein, and it is not contended that the complaint was filed within two years from the date of the injury.

It is contended by appellant that its liability was not determined for more than two years after the injury, and until such award was made, appellant had no liability to Effie L. Woods and no action for subrogation against appellee therefor.

Our Workmen's Compensation Act makes provision for the recovery by the employer or his insurer for compensation paid or for compensation for which he has become liable and the section relative thereto is as follows:

"40-1213—LIABILITY OF THIRD PERSON—SUBROGATION OF EMPLOYER.—Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, *if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists,* the compensation paid or payable to the injured employee or his dependents." (Our italics.)

If the injured party, Effie L. Woods, had elected to proceed against the appellee herein to recover damages for her injury, without doubt, she would have been governed by the statute of limitations for the bringing of such action, which is two years;

and unless a new cause of action is created or the Workmen's Compensation Act tolls the statute of limitations, the party subrogated to her right is also bound thereby.

In the case of *Employers', etc. Assurance Co.* v. *Indianapolis, etc. Trac. Co.* (1924), 195 Ind. 91, 100, 144 N. E. 615, our Supreme Court had under consideration the statute of limitations as applied to an insurance carrier, who became bound to pay compensation to an injured employee, whose injuries were caused by a third party. The compensation was paid within two years after the injury, but suit was not commenced by the insurance carrier until after the expiration of two years. In reaching a conclusion that the general statute of limitations of two years applied, the court said:

> "Neither do we think that in any event a new right of action could be created by the language of section 13 of the act under consideration, as follows: 'If compensation is awarded under this act the employer having paid the compensation or become liable therefor, may collect in his own name or that of the injured employe from the other person *in whom legal liability for damages exists* (our italics), the indemnity paid or payable to the injured employe.' § 8020w Burns' Supp. 1918, *supra*. This carries no intimation of a purpose to create a new right of action, with a corresponding 'legal liability for damages' not subject to the limitation of time allowed for bringing suit thereon as for a personal injury. On the contrary, it expressly refers to the enforcement of a legal liability that 'exists,' and nothing more, merely providing in whose name it may be enforced and for what purpose."

In the case of *J. F. Elkins Construction Co.* v. *Naill Bros.* (1934), 168 Tenn. 165, 167, 76 S. W. (2d) 326, a similar question as to that involved herein was considered. The question was raised by way of demurrer upon the grounds that the cause of action was barred

by the one year statute of limitations and in reaching a conclusion therein, that court said:

> "It is conceded that an injured employee, or, in case of his death, his next of kin, would have to institute suit against a third party within a year. It would follow logically that, if the involved statute did not create a new cause of action in favor of the employer, but simply subrogated him to the rights of the employee, or his dependents, then the one-year statute would apply. That the statute does not create a new cause of action was expressly held in the following cases: *American Mutual Liability Ins. Co.* v. *Otis Elevator Co.*, 160 Tenn. 248, 23 S. W. (2d) 245; *Fidelity & Casualty Co.* v. *St. Paul Gas Light Co.*, 152 Minn. 197, 188 N. W. 265; *Schlitz Brewing Co.* v. *Chicago Rys. Co.*, 307 Ill. 322, 138 N. E. 658; *Employers' etc., Assurance Co.* v. *Indianapolis Trac. Co.*, 195 Ind. 91, 144 N. E. 615. With a minor exception, the Indiana and the Tennessee statutes are identical. In the last three named cases it was expressly held that the cause of action of the subrogated employer was barred by the statute of limitation fixing the time within which suits for personal injuries should be instituted. We have been cited to no authorities taking a contrary view."

In a recent case decided by this court, *Bebout* v. *F. L. Mendez & Company* (1941), 110 Ind. App. 28, 33, 37 N. E. (2d) 690, wherein the question involved in the instant case was not involved, this court, in reaching a conclusion therein said:

> "Having paid this amount, the appellee, as employer, could then have proceeded against the said Eugene B. Clark to collect the amount of compensation which he had paid or had become obligated to pay. This right, conferred by statute, is predicated upon the theory of subrogation, and is not intended to create a new and different liability against the wrongdoer from that which existed at common law."

It is true that there is some authority contrary to that above cited. See *Star Brewing Co.* v. *Cleveland, C. C. & St. L. Ry. Co.* (1921), 275 F. 330, and *Tuckwood* v. *Rotherham Corporation* (1921), 1 Law Rep. K. B. Div. 526, but the greater weight of authority seems to hold that the statute of limitations applies to cases of this character.

In the final analysis, determination of the question involved depends upon the interpretation of § 40-1213, Burns' 1940 Replacement, hereinabove set out. It is not within the province of the court to read into the statute an intention to create a new cause of action, or to wipe out the statute of limitations, even though we were so inclined. Consideration of hardships cannot properly lead a court to broaden a statute beyond its legitimate limits. We think the rule has been established by the weight of authority that the provision for recovery by the employer or his insurance carrier from a third person does not create a new cause of action in favor of the employer or his insurance carrier, but merely subrogates him to the rights of the employee and that the same statute of limitations applies to an action by the employer or his insurance carrier as would have applied had the action been brought by the injured party.

Finding no reversible error, this judgment is affirmed.

NOTE.—Reported in 38 N. E. (2d) 279.