STANDARD ACCIDENT INS. CO. *v.* PET MILK CO. ET AL.

[No. 17,695. Filed April 19, 1948. Rehearing denied May 28, 1948. Transfer denied October 14, 1948.]

*John M. Miller, George C. Forrey III, Edward B. Raub, Jr., Burrell Wright,* and *Jacob S. White,* all of Indianapolis, attorneys for appellant.

*James W. Fesler, Irving M. Fauvre, Jack D. Hawkins, Michael L. Fansler, Howard S. Young, Jr., David L. Chambers,* all of Indianapolis, for Pet Milk Co., and *James E. Rocap, Sr., John T. Rocap, James E. Rocap, Jr.,* all of Indianapolis, for Lemon, attorneys for appellees.

BOWEN, P. J.—This is an appeal from a judgment in an action by appellant, an insurance company, in a subrogation suit brought to recover damages from two alleged tort feasors, the appellees. The complaint alleged that appellant carried liability insurance on an employer under the Workmen's Compensation Act; that an employee was injured as a result of the torts of

appellees; that the employee elected to receive benefits under the Workmen's Compensation Act; that appellant made payments to the employee under compensation agreements filed with and approved by the Industrial Board; and, that by reason of the negligence of appellees, and the payment by appellant to the injured employee, appellant is entitled to recover $4000 damages from appellees.

Appellee, Roy Lemon, filed an answer in five paragraphs, the fifth paragraph of which alleged appellant commenced its cause of action November 21, 1945, more than one year after said cause of action accrued on October 23, 1944, and that by reason thereof, appellant's cause of action is barred. The appellee, Pet Milk Company, filed three paragraphs of answer, the third of which raised the identical question presented by appellee Roy Lemon's fifth paragraph of answer. The appellant filed demurrers to the fifth paragraph of answer of appellee, Roy Lemon, and to the third paragraph of answer of appellee, Pet Milk Company. The ground of each of these demurrers was that the said paragraphs of answer did not state facts sufficient to constitute a defense.

The lower court overruled both of these demurrers filed by appellant, appellant refused to plead further, and the lower court rendered judgment that appellant take nothing by its complaint.

Errors assigned for reversal are that the court erred in overruling appellant's demurrer to appellee, Roy Lemon's fifth paragraph of answer, and in overruling appellant's demurrer to appellee, Pet Milk Company's third paragraph of answer.

The issue raised by the demurrers which were overruled by the court presents a single proposition for our determination—whether a subrogation suit brought

under Section 13 of the Indiana Workmen's Compensation Act is outlawed by the Statute of Limitations when it is brought within two years from the date of the accident but is brought later than one year after the acceptance of compensation awarded under the Workmen's Compensation Act.

Our determination of this question depends upon an interpretation and construction of chapter 188, Acts of 1945, § 4, p. 585; Burns' 1940 Repl. (Supp.), § 40-1213. This act was an amendment of Section 13 of the Indiana Workmen's Compensation Act of 1929, and added a new sentence to this section reading as follows: "In order to collect such compensation paid or payable to the injured employee or his dependents the employer may commence an action at law for such collection against the other person in whom legal liability for damage exists at any time within one (1) year after the acceptance of compensation awarded notwithstanding the provisions of any statute of limitations to the contrary."

The appellees contend, and the lower court in effect found, that a proper construction of the purpose and intent of the Legislature in its enactment of the 1945 amendment to Section 13 of the Workmen's Compensation Act, was to create an entirely new Statute of Limitation for the bringing of subrogation actions by an employer or insurance carrier for the recovery of compensation paid to the injured employee against the person in whom legal liability for damage exists, and that the 1881 two-year statute of limitations, Burns' 1946 Repl., § 2-602, by reason of such 1945 amendment, is no longer applicable to such cases.

Prior to the passage of the 1945 amendment to the Workmen's Compensation Act, our courts uniformly

held that the 1881 two-year Statute of Limitations was applicable to suits of this character. *Employers' Liability Assur. Co., Ltd.* v. *Indianapolis & Cincinnati Traction Co. et al.* (1924), 195 Ind. 91, 144 N. E. 615; *Fidelity & Casualty Co. of N. Y.* v. *Miller* (1941), 111 Ind. App. 308, 38 N. E. 2d 279.

Also, prior to the passage of this amendment, the Indiana rule and the greater weight of authority held that the statutory provision for the recovery by the employer or his insurance carrier from a third person did not create a new cause of action in favor of the employer or his insurance carrier, but merely subrogates him to the rights of the employee. *Fidelity & Casualty Co. of N. Y.* v. *Miller, supra; Bebout* v. *F. L. Mendez & Co.* (1941), 110 Ind. App. 28, 37 N. E. 2d 690; *American Mutual Liability Ins. Co.* v. *Otis Elevator Co.* (1929), 160 Tenn. 248, 23 S. W. 2d 245; *Fidelity & Casualty Co. of N. Y.* v. *St. Paul Gas Light Co.* (1922), 152 Minn. 197, 188 N. W. 265; *Schlitz Brewing Co.* v. *Chicago Ry. Co. et al.* (1923), 307 Ill. 322, 138 N. E. 658; *Employers, etc., Assurance Co.* v. *Indpls. Trac. Co., supra.*

The 1945 Act did not change the cause of action, but added a sentence giving the employer the permissive right to commence an action at law for the collection of such subrogated claim against the other person in whom legal liability for damages exists at any time within one year after the acceptance of the compensation awarded notwithstanding the provisions of any statute of limitations to the contrary.

The language used referring to other statutes of limitations seems to be particularly significant, in that the

existence of the other statute of limitations was recognized. A fair and liberal construction of this statute seems to be that the legislature granted to the employer the right to maintain such action within one year after the acceptance of compensation awarded even though it extended beyond the time of the two-year statute of limitations. The language used was hardly appropriate if the legislature had intended to repeal, amend, or modify the two-year statute of limitations, or to substitute a new one-year statute of limitations in lieu of the two-year statute of limitations. By the use of the words "notwithstanding any statute of limitations to the contrary" the continued existence of such other statute of limitations was implied. We think this intention is further clarified by the use of the permissive word "may" in the 1945 amendment.

Furthermore, since the basis of the cause of action was not changed by the 1945 amendment; and since, in the 1945 amendment itself express reference is made to the enforcement of a legal liability that "exists," it seems clear that there was no intention on the part of the Legislature to create a new cause of action.

Also, it is a fundamental rule in the construction of statutes that courts will look to the general purpose of the statute, the objects to be attained, and the evil to be remedied. *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943; *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 24 N. E. 2d 776.

Prior to the passage of this 1945 amendment to the Workmen's Compensation Law, it was held that a subrogation suit must have been brought within two years from the date of injury. *Fidelity & Casualty Co. of*

*N. Y.* v. *Miller, supra; Employers Liability Assur. Co., Ltd.* v. *Indianapolis & Cincinnati Trac. Co., supra.*

The foregoing cases brought to light situations in which an award of compensation was not made and the liability of the employer and insurance carrier was not determined, until more than two years had passed from the date of such injury, as a result of the time which elapsed during the procedure necessary for the determination of such claims for compensation. The subrogation claims were barred by the statute of limitations in such cases. Therefore, it seems reasonable to assume that the Legislature in order to remedy this situation amended Section 13 of the Indiana Workmen's Compensation Law by the enactment of the 1945 amendment which permits the bringing of a subrogation suit within one year from the date of the acceptance of the compensation awarded notwithstanding the provisions of any statute of limitations to the contrary.

For the reasons given herein, the lower court erred in overruling appellant's demurrer to appellee Roy Lemon's fifth paragraph of answer, and in overruling appellant's demurrer to appellee Pet Milk Company's third paragraph of answer.

Judgment is reversed with directions to the trial court to sustain appellant's demurrer to appellee Roy Lemon's fifth paragraph of answer, and to sustain appellant's demurrer to appellee Pet Milk Company's third paragraph of answer.

Hamilton, J., not participating.

NOTE.—Reported in 78 N. E. 2d 672.