STANDARD ACC. INS. CO. v. MILLER.

No. 9623.

United States Court of Appeals
Seventh Circuit.

Nov. 5, 1948.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The plaintiff, a Michigan corporation and the insurer of the employer of one Charles E. Burden, paid workmen's compensation awarded to and accepted by Burden on July 1, 1946, and brought suit on April 9, 1947, against the defendant, a citizen of Indiana, alleging that Burden's injuries, sustained on November 16, 1943, had been caused by the defendant's negligent operation of an automobile. The defendant's answer pleaded the two-year statute of limitations in personal injury cases,[1] and the District Court gave summary judgment for the defendant; from which judgment the plaintiff has appealed.

Under the Workmen's Compensation Act of Indiana an employee now must file claim for compensation within two years from the accident.[2] At the time of the accident here involved, Section 13 of the Act provided that upon payment and acceptance of an award, the employer might file claim against the person in whom legal liability for damages existed.[3] An action by the employer also had to be filed within two years after the accident. Fidelity & Casualty Co. of New York v. Miller, 111 Ind.App. 308, 314, 38 N.E.2d 279, 281. The requirement that the employer's claim against the person legally liable had to be filed within the same period of time after the accident, two years, within which the employee had to file his claim against the employer often made the employer's right of action worthless. The employee's claim against the employer might not be filed until the two-year period was almost up, and the award made some time thereafter. As the employer's right to bring the action did not accrue until he had paid or had become liable to pay the award, the employer's right often did not accrue until the two-year statute had run.

In order to remedy this situation, the Indiana Legislature amended Section 13 of the Act. The section as amended, which

George C. Forrey, III, Edward B. Raub, Jr., Burrell Wright and Jacob S. White, all of Indianapolis, Ind., for appellant.

Charles W. Cook, Jr., Claude M. Spilman and James E. Bingham, all of Indianapolis, Ind., for appellee.

[1] Burns Anno. Stat. Sec. 2-602.

[2] Burns Anno.Stat.Cum.Pocket Supp. 1947, Sec. 40-1224. Under the prior law, a claim had to be filed "within two (2) years after the injury * * *."

[3] Burns Anno.Stat. Sec. 40-1213.

became effective April 1, 1945, was enacted in its entirety as set forth in the margin.[4] (The italicized part of the section represents the amendment.)

Burden filed his compensation claim August 16, 1945, and the plaintiff paid and Burden accepted the award of compensation on July 1, 1946. The plaintiff filed this action to recover the payment on April 9, 1947, which is admittedly within a year after the acceptance of the award, but over three years after the accident.

The plaintiff claims the benefit of the amended act of 1945 and asserts that the limitation contained therein of one year from the date of the acceptance of the award is the limitation applicable. The defendant contends that the 1945 amendment can be construed to apply only prospectively, that is, to accidents occurring after April 1, 1945, and cannot be construed retrospectively to include an accident which occurred in 1943; and that therefore the ordinary two-year statute of limitations applies, which in this instance had expired by more than a year when this suit was brought on April 9, 1947.

It is true as a general proposition, as the Supreme Court of Indiana said in Connecticut Mutual Life Ins. Co. v. Talbot, 113 Ind. 373, 378, 14 N.E. 586, 589, 3 Am. St.Rep. 655, that "statutes are to be construed and applied prospectively, unless a contrary intent is manifested in clear and unambiguous terms." The statute as amended does not provide that it shall be applied retrospectively.

The defendant argues that since the statute as re-enacted provides: "Whenever an injury or death, for which compensation is payable under this act, *shall have been sustained* under circumstances *creating* in some other person than the employer a legal liability" (italics ours) that the statute was intended to be applied prospectively only. We think that the future tenor of the italicized words does not necessarily so indicate. This provision has been the law since 1929 and was not changed by the 1945 amendment. The employer thereunder had a right to sue for a cause of action belonging to the injured employee upon paying the award for compensation or becoming liable therefor. Future words are used because the statute envisaged all compensable injuries since 1929, including the one in question. The 1945 amendment did not affect the substantive right granted by the statute. It changed a remedial or procedural right only, by providing that the statute of limitations shall begin to run from the time the right of the employer to sue accrues, namely, paying or assuming liability for the award, and not from the time the accident occurred, as held in Fidelity & Casualty Co. v. Miller, supra. The amendment clearly was intended to bring relief to one who had been given the right to sue but was confronted with the bar of the statute of limitations, by lifting the bar.

Under such circumstances, we think the correct rule to be applied here is that laid down by the Supreme Court of Indiana in Connecticut Mutual Life Ins. Co. v. Tal-

---

[4] "Liability of third person—Subrogation of employer—Time in which employer may bring suit.—Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having

become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damage exists, the compensation paid or payable to the injured employee or his dependents. *In order to collect such compensation paid or payable to the injured employee or his dependents the employer may commence an action at law for such collection against the other person in whom legal liability for damage exists at any time within one (1) year after the acceptance of compensation awarded notwithstanding the provisions of any statute of limitations to the contrary.*" Burns Anno.Stat.Cum. Pocket Supp.1947, Sec. 40-1213.

498

bot, supra, 113 Ind. at page 378, 14 N.E. at page 589, 3 Am.St.Rep. 655: "The better rule of construction, and the rule peculiarly applicable to remedial statutes, however, is that a statute must be so construed as to make it effect the evident purpose for which it was enacted; and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not, in terms, so direct, unless to do so would impair some vested right, or violate some constitutional guaranty." See also Barnett v. Vanmeter, 7 Ind.App. 45, 52, 33 N.E. 666, 668; In re Smith, 115 Ind.App. 494, 500, 60 N.E.2d 147, 149.

■ Since the plaintiff's situation is exactly the type of hardship which the amendment was intended to ameliorate, and the statute is remedial, past transactions should not be excluded from its coverage and scope. The limited construction contended for by the defendant and applied by the District Court cannot be sustained. The judgment of the District Court is reversed.